PER CURIAM.
Melvin Eugene Daniels was convicted and sentenced for several criminal offenses. He raises a number of points on appeal which we have duly considered. With the exception of his sentencing, we find that none of Daniels’ grievances are sufficient to merit reversal.
At the time of his arrest on the instant charges, Daniels was on probation for burglary of a structure in Case No. 82-11172. Upon being found guilty in the instant case, the trial court revoked Daniels’ probation in Case No. 82-11172 and sentenced him to serve one year on that account. However, as to that one year sentence, the trial court gave Daniels credit for the time he had already served on that particular charge, plus credit for the time he had served in jail awaiting trial in the instant case. The trial court sentenced Daniels to serve twenty-two years for the convictions in the instant case which sentence was to be concurrent with the one year sentence in Case No. 82-11172. However (and this is the sentencing error), the trial court did not give or apply the above-mentioned credit for time already served to the twenty-two year sentence in the instant case. We hold that it was error not to do so because the sentences were concurrent. Kinney v. State, 458 So.2d 1191 (Fla. 2d DCA 1984); Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); and Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984). Contra Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984).
We reverse and remand for resentencing in accordance herewith. It is not necessary for Daniels to be present.
Affirmed in part; reversed in part; and remanded for further proceedings consistent herewith.
HURLEY, WALDEN and BARKETT, JJ., concur.