MILLS, Judge.
Baughn appeals from the denial of his petition for habeas corpus seeking correction of his sentence. We affirm.
In July 1983, Baughn received four years imprisonment after violating his probation *793 on two worthless check charges (Case No. 80-6588). He was later convicted on four additional worthless check charges and sentenced to 30 months for each count to run consecutively to each other (for a total of 10 years) and concurrently with the four-year sentence in Case No. 80-6588.
After he was informed by the Department of Corrections that his total sentence was 10 years, he filed a petition for habeas corpus with the trial court seeking correction of his sentence to reflect a total term of four years. Baughn reasoned that, because the 10-year sentence was set to run concurrently with the previously imposed four-year term, the latter term should be dominant. The trial court denied the petition. We agree.
First of all, the correct remedy for a sentencing error such as is alleged by Baughn is a motion to correct sentence pursuant to Fla.R.Crim.P. 3.850, not a petition for habeas corpus. However, we will treat the remedy sought as though it were correct, and conclude that the trial court acted properly in denying the relief sought. The shorter of two concurrent sentences is naturally subsumed within the longer, here resulting in a total term of ten years.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.