491 So.2d 543 (1986)
Melvin Eugene DANIELS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67357.
Supreme Court of Florida.
July 17, 1986.
*544 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Joy B. Shearer and Robert S. Jaegers, Asst. Attys. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition to review Daniels v. State, 477 So.2d 1 (Fla. 4th DCA 1985), in which the Fourth District Court of Appeal held that the trial court erred in crediting petitioner on only one of four concurrent sentences for the time he spent in jail awaiting sentencing on multiple charges. The district court noted that its decision directly conflicts with the view of the Third District Court of Appeal. See Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We note that this decision also conflicts with the position of the Fifth District Court of Appeal, see Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984), but is consistent with the view taken by the First and Second District Courts of Appeal. See Vasquez v. State, 478 So.2d 76 (Fla. 1st DCA 1985); Kinney v. State, 458 So.2d 1191 (Fla. 2d DCA 1984). We approve the district court's decision in this case, as well as the opinions of the First and Second District Courts on this issue.
The facts of this case reflect that on July 10, 1983, Melvin Eugene Daniels, who was on probation for trespassing, was arrested and held in jail on charges of kidnapping, burglary, and attempted sexual battery. On July 25, while Daniels was being held in jail, a warrant was issued based on Daniels' violation of probation. The state contends that, although Daniels was incarcerated on July 10 for the kidnapping, burglary, and sexual battery charges, after July 25 Daniels was held only for the probation violation. We reject this argument. Had the probation violation allegation been dismissed, there is nothing in the record to indicate that Daniels would not have remained in custody pending trial on the kidnapping, burglary, and attempted sexual battery charges. The fact that a warrant for Daniels' probation violation was executed while he was in custody on the felony charges does not mean that he was no longer in custody on those charges.
Daniels was eventually convicted on the three felony charges, and, immediately thereafter, his probation for trespassing was revoked. At sentencing, the trial court imposed one year's imprisonment for the trespassing offense, crediting Daniels for the time served while awaiting trial on that charge. The trial judge then imposed sentences of 22 years for kidnapping, five years for burglary, and five years for attempted sexual battery, each to be served concurrently with the others and with the trespassing sentence. The trial judge did not credit the time served toward the sentences for the three felony offenses. The district court reversed, holding that, because the sentences were concurrent, the trial court erred in failing to credit the time served towards all of Daniels' sentences.
We approve the district court's decision. The law is clear that a defendant is entitled to have his sentence reflect credit for any time served in jail prior to sentencing. Formerly, the determination as to whether the defendant should be allowed credit for all or part of the time spent in county jail before sentencing was left to the sole discretion of the sentencing court. In 1973, however, the legislature amended section *545 921.161(1) to provide that the court must allow a defendant credit for all of the time spent in the county jail before sentencing. See ch. 73-71, Laws of Fla.
Consistent with the views of the First, Second, and Fourth District Courts of Appeal, we find that when, pursuant to section 921.161(1), a defendant receives presentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served. The Third and Fifth District Courts of Appeal's position on this issue would effectively deny Daniels any credit whatsoever for the time he spent in jail while awaiting trial and thereby render meaningless the legislative directive that a defendant receive credit for all the time served. Cf. Jenkins v. Wainwright, 285 So.2d 5 (Fla. 1973). We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant "is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition." Martin v. State, 452 So.2d 938, 938-39 (quoting Miller v. State, 297 So.2d 36, 38 (Fla. 1st DCA 1974)).
We reject the state's argument that Daniels' trespassing sentence cannot be concurrent with his felony sentences.
For the reasons expressed, we approve the district court's decision in the instant case and remand with directions to remand to the trial court for entry of a new sentencing order consistent with this opinion.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.