# STATE OF FLORIDA v JOHNSON

## Case Nos. 82-247-CFA and 83-46-CFA

Seventh Judicial Circuit, Flagler County

November 20, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

### *ORDER DENYING DEFENDANT'S MOTION TO CORRECT ILLEGAL SENTENCE*

THIS MATTER came on for consideration upon Defendant's Motion To Correct Illegal Sentence, pursuant to Fla.R.Crim.P. 3.800(a),

and the Court, having reviewed the motion and being duly informed about the premises, hereby

FINDS AS FOLLOWS:

THAT on December 17, 1985 the Defendant, Clarke D. Johnson, was convicted by this Court of the offenses of Grand Theft Second Degree and Knowingly Uttering Or Issuing A Worthless Check, and he was placed on probation for two five-year terms to run concurrent with each other. Defendant's probation was revoked on March 5, 1987, and he was placed on probation again for two four-year terms to run concurrent with each other. When the Defendant again violated his probation, a warrant for his arrest was issued and was executed on December 23, 1988. Defendant apparently was in custody of the Sarasota County Jail when said warrant was executed. He had been convicted, on or about December 8, 1988, in Case Number 88-0128, Twelfth Judicial Circuit, Sarasota County, Florida, of the offenses of possession of cocaine and uttering a forged instrument. He had been sentenced to a term of fifteen months, and that Court reportedly had granted him credit of 143 days for time served in the Sarasota County Jail, said time commencing from July 14, 1988.

On January 5, 1989, in this Court, Defendant's probation was again revoked, and he was sentenced to two five-year terms in the custody of the Department of Corrections. These sentences were to run concurrent with each other and with "any active sentence being served." Also, this Court allowed Defendant a total of 153 days of jail credit.

Now the Defendant, in his motion at issue, claims that this Court failed to consider all the jail time spent in the Sarasota County Jail when jail time credit was calculated and should have credited him with 171 days of jail credit, said time reflecting the period up until Defendant was sentenced by this Court on January 5, 1989.

The Defendant cites F.S. 921.161(1) for the proposition that he is entitled to all the time he spent in the county jail while awaiting trial and sentencing. He also cites a Florida Supreme Court case which states that "when, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run *concurrently* with other sentences, those sentences must also reflect the credit for time served." *Daniels v State,* 491 So.2d 543, 545 (Fla. 1986). Thus, the Defendant believes that because the sentence imposed by this Court ran concurrent with the sentence imposed in the Sarasota County cases, this sentence, as a matter of law, was required to reflect a credit for all the time he served in the Sarasota County Jail. The Defendant feels that he has been unjustly deprived of 18 days credit for time spent

**75**

in the county jail, and he requests the Court to correct the sentence to reflect a total credit for time served of 171 days instead of 153.

In *Daniels v State* the Defendant was arrested and held in jail on charges of kidnapping, burglary, and attempted sexual battery while on probation for trespassing. He was eventually convicted, and the Florida Supreme Court held that he was entitled to credit for time served against kidnapping, burglary, and attempted sexual battery, and not just against the sentence imposed on the trespassing count following revocation of probation. These facts are somewhat different from those in the case at hand. Here, the Defendant was arrested and held in a county jail across the state for crimes allegedly committed there, and he had been in custody some five months before being served with this Court's arrest warrant for violating his probation. When this Court sentenced Defendant on January 5, 1989, he had been held in the Sarasota County Jail for less than one month on this Court's warrant. The rest of the time spent in that jail was on somebody else's warrant which was separate and unrelated to this Court's warrant. For this reason, this Court feels that it is not obligated to give Defendant credit for time he served on somebody else's warrant, in somebody else's jail, before this Court even ordered him held on its warrant. There is nothing in section 921.161(1) that says a Defendant is entitled to all the time served in a situation such as this. This Court clearly did not intend to give the Defendant credit for all the time he may have served in jails elsewhere before he was detained on this Court's warrant. Although this Court made the Defendant's sentence to run concurrent with the one he was serving in Sarasota County, this does not mean that the Defendant should get credit for all the time he served in jail there before this Court ordered him held. Nevertheless, this Court gave Defendant credit for time served to run concurrent with that which he received in Sarasota County (143 days) plus 10 days for good measure, for a total of 153 days; but this Court does not owe the Defendant any more days, as it never intended to give him more than the 153 and is not obligated to do so.

Therefore, for the reasons stated herein, it is hereby ORDERED AND ADJUDGED:

THAT the Defendant's Motion To Correct Illegal Sentence is denied on the grounds that the sentence was proper and not illegal. The Defendant is advised that he has a right to appeal from this Order by filing notice of appeal with the Clerk of this Court within thirty (30) days from this date, and that in taking said appeal the Defendant has a right to the assistance of counsel at the expense of the State upon a showing of indigency.

DONE AND ORDERED in Chambers at Bunnell, Flagler County, Florida, this 20th day of November, 1989.