W. SHARP, Judge.
McWhite appeals his sentence for a felony (battery on á law enforcement officer) because the trial court failed to give him 213 days credit for time served on the felony sentence. We agree credit should have been given.
In this case, McWhite was charged with two misdemeanors and the felony battery in the same information. He was sentenced to 213 days in the county jail for the two misdemeanors. For those sentences he received 213 days credit for jail time served.
However, on the felony count, McWhite was sentenced as a youthful offender and committed to the Department of Corrections for two years, followed by two years on community control. The sentences did not provide that the felony sentence would be served consecutively to the misdemean- or sentences.
Pursuant to section 921.16(1), Florida Statutes (1989), a defendant convicted of two or more crimes charged in the same information shall serve the sentences concurrently unless the court expressly directs they be served consecutively. Such appears to be the case here, even though incarceration for the felony and misdemeanors would have to be in different facilities under the supervision of different authorities. See Daniels v. State, 491 So.2d 543 (Fla.1986). It was therefore error not to have given jail time credit to all three concurrent sentences.
Accordingly, we quash the sentences and remand for award of jail time credit.
Sentence VACATED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.