579 So.2d 348 (1991)
Marilyn Renee WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-17.
District Court of Appeal of Florida, First District.
May 14, 1991.
Glen P. Gifford, Asst. Public Defender, Panama City, for appellant.
James Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals her sentence claiming it is illegal. We reject appellant's claims and affirm her sentence.
Appellant entered a plea of nolo contendere to possession of cocaine and to sale of a counterfeit controlled substance. The two charges were in separate cases, but disposed of as part of one plea agreement. Pursuant to the plea, appellant was to receive a guideline sentence within the permitted range. The permitted range extended to three and one-half years of imprisonment. On the cocaine charge the trial court sentenced appellant to three and one-half years in prison followed by two years *349 probation. For sale of the counterfeit substance appellant received a sentence of three years in prison to be served concurrent with her other sentence. Appellant received credit for 37 days spent in jail before sentencing in the cocaine case and one day of credit for time spent in jail in the counterfeit substance case.
Appellant argues on appeal that the split sentence of three years in prison followed by two years probation is illegal because it is not an authorized sentence under Florida law. We reject this argument because the Florida Supreme Court recently held otherwise in Glass v. State, 574 So.2d 1099, 1101 (Fla. 1991).
Appellant also argues that since she received concurrent sentences, the disparate credit received for time served in jail prior to sentencing makes her sentence illegal. In support of her argument appellant cites to Daniels v. State, 491 So.2d 543 (Fla. 1986). That case held that when a defendant receives presentence jail time credit on one sentence the defendant is also entitled to receive that same credit on all sentences which are to be served concurrently. In Daniels the defendant was arrested at the same time for a number of different charges. Here the appellant was arrested at different times for the separate charges and stayed in jail a different period of time after each arrest. Appellant acknowledges that in Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1st DCA 1987) we rejected the exact argument appellant is making here.[1] But, appellant argues that in view of Daniels our decision in Whitney is wrong. Appellant asks us to revisit Whitney. We decline to do so. We believe Daniels is distinguishable and Whitney was correctly decided. We therefore adhere to Whitney and hold that appellant was correctly credited with time served.
In addition, we address the state's argument that we do not have jurisdiction to consider this appeal. Prior to the briefs being filed the state filed a motion to dismiss. We denied that motion. See Ford v. State, 575 So.2d 1335 (Fla. 1st DCA 1991); see also Larson v. State, 572 So.2d 1368, 1370 n. 1 (Fla. 1991). In its brief the state reiterates its previously made argument that this court has no jurisdiction. The state's brief argues "the appeal should be dismissed for lack of jurisdiction pursuant to section 924.06(3), Florida Statutes and Brown v. State, 376 So.2d 382 (Fla. 1979)." The decision in Brown does not support the state's argument. Brown holds that a defendant who enters a plea of nolo contendere can only reserve as an issue to appeal a dispositive legal issue. Id. at 385. However, Brown only addresses the right to appeal the judgment not the sentence. As such its holding is inapposite to the facts presented here. Moreover, we see no reason to extend the holding of Brown to these facts, especially where the state has offered no reason for doing so.
At first glance section 924.06(3) would appear to support the state's argument. The statute provides in pertinent part:
A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack.
That statute was construed by the Florida Supreme Court in Robinson v. State, 373 So.2d 898 (Fla. 1979). Robinson holds that a defendant who pleads guilty (or nolo contendere) has the right to direct appeal of an illegal sentence. The state's brief does not discuss Robinson. There is no explanation for why that case does not apply to the facts of this case. Thus, we hold that we have jurisdiction to consider appellant's argument that her sentence is illegal. The fact that we have rejected appellant's arguments does not mean we do not have jurisdiction to consider them. Any other construction would place the criminal defendant who pleads guilty and then receives what is perceived to be an illegal sentence *350 in an untenable position. He or she could only appeal if they were entitled to win.
By this opinion we do not hold that litigants may file a frivolous appeal. We caution counsel and pro se litigants that we will not hesitate to sanction persons who initiate frivolous appeals. See Fla.R. App.P. 9.410. Here appellant made a colorable argument that her sentence was illegal.[2]
The appellate courts of this state exist for the sole purpose of challenging errors committed by the lower tribunals. While our jurisdiction is limited, the Florida Supreme Court has held we have jurisdiction to consider on direct appeal whether a sentence is illegal. Robinson.
Accordingly, we affirm appellant's sentence.
SHIVERS, C.J., and ALLEN and WOLF, JJ., concur.
NOTES
[1] We appreciate counsel's candor. Far too often counsel in their enthusiasm to zealously represent their client's interest forget their other obligation of candor toward the tribunal. See Rule 4-3.3(a)(3), Rules Regulating The Florida Bar.
[2] We have previously held that the issue of denial of credit for time served can be raised on direct appeal. Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982).