588 So.2d 980 (1991)
STATE of Florida, Petitioner,
v.
Michael J. PERKO, Respondent.
No. 77324.
Supreme Court of Florida.
October 3, 1991.
Rehearing Denied December 2, 1991.
*981 Robert A. Butterworth, Atty. Gen., Joan Fowler, Senior Asst. Atty. Gen., Bureau Chief and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for petitioner.
Michael J. Perko, in pro. per.
KOGAN, Justice.
We have for review Perko v. State, 574 So.2d 157 (Fla. 4th DCA 1991) (on rehearing), which certified the following question of great public importance:
DID CREDIT GRANTED FOR TIME SERVED ACCORD WITH THE HOLDING IN DANIELS V. STATE, 491 So.2d 543 (FLA. 1986), WHEN, IN IMPOSING ON DEFENDANT CONCURRENT SENTENCES FOR VIOLATION OF PROBATION ON A PRIOR GRAND THEFT CONVICTION AND FOR COCAINE POSSESSION COMMITTED WHILE ON THAT PROBATION, THE TRIAL COURT GAVE DEFENDANT CREDIT TOWARD THE SENTENCE FOR COCAINE POSSESSION ONLY FOR TIME IN JAIL WHILE AWAITING DISPOSITION OF THAT CHARGE, WHILE ALLOWING ADDITIONALLY TOWARD THE PROBATION VIOLATION SENTENCE TIME PREVIOUSLY SERVED AS A CONDITION OF PROBATION ON THE GRAND THEFT CONVICTION?
Id. at 157-58. We rephrase the question as follows:
When a defendant has violated probation by committing a new offense, must the sentence for that new offense include credit for time served and gain-time accumulated while the defendant was incarcerated for the earlier offense that underlay the order of probation?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the rephrased question in the negative and quash the opinion below.
Michael Perko received a sentence of imprisonment followed by probation for grand theft auto. After being released from prison, he committed a drug-related offense and thereby violated the terms of his probation. In sentencing for the new drug offense, the trial court declined to give Perko credit for time served and gain-time accrued while he was imprisoned on the grand theft offense. The sentence on the new drug offense was to run concurrent to the separate sentence for violation of probation, which is not at issue here. However, on the drug offense, the trial court did give Perko credit for the thirty-four days he spent in jail pending the proceedings on both the drug offense and the violation of probation.
Relying on our opinions in Daniels v. State, 491 So.2d 543 (Fla. 1986), and State v. Green, 547 So.2d 925 (Fla. 1989), the Fourth District reversed and ordered that Perko be given the credit he requested.
Neither of the two cases cited by the district court support the result it reached. In Green, this Court held only that when sentencing for the violation of probation, the trial court must give the defendant credit for time served and gain-time accrued during any earlier imprisonment for the offense underlying the violation of probation, subject to possible gain-time forfeiture proceedings commenced in the sole *982 discretion of the Department of Corrections. Id. at 926-27. In Daniels, we held only that a defendant being kept in jail pending sentencing for a new crime that also resulted in a violation of probation must receive credit for all time spent in that jail against both the sentence for the new crime and the sentence for violation of probation. Daniels, 491 So.2d at 544-45. The present case is vastly dissimilar to the facts of Green and Daniels.
Moreover, we know of no law that requires the state to reward defendants for the length of their prison records. Here, the opinion of the district court resulted in Perko being rewarded with a reduced sentence on the new drug offense solely because he previously had committed a grand theft. Presumably Perko would have received a greater sentence had his criminal record been unblemished. This is not the law. The opinion under review is quashed and this cause is remanded for further proceedings consistent with the views expressed here.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.