PER CURIAM.
In case numbers 90-1168 and 90-1279, appellant was originally convicted of burglary of an occupied structure and resisting arrest without violence, and was sentenced to a total of 15 months in prison followed by one year of probation. He contends that he served the 15-month prison sentence and was released on probation. While on probation he was charged with a new burglary and with grand theft (Case No. 90-2887) and with violation of probation. Subsequently, he pled guilty to the new offenses as well as the violation of probation and was sentenced to concurrent 4x/2-year sentences. It is not clear, however, that he was credited in case numbers 90-1168 and 90-1279 with any of the time served on the original 15-month sentence or with any gain-time he earned while serving that sentence.
In Perko v. State, 588 So.2d 980, 981 (Fla.1991), the supreme court stated that it had held, in State v. Green, 547 So.2d 925 (Fla.1989), that “when sentencing for the violation of probation, the trial court must give the defendant credit for time served and gain-time accrued during any earlier imprisonment for the offense underlying the violation of probation_” (Emphasis original.)
Accordingly, we relinquish jurisdiction to the trial court for a period of thirty days *816 with directions to determine the amount of time appellant served in Case Numbers 90-1168 and 90-1279 on his original 15-month sentence, and the amount of gain-time he earned, and to credit him with that amount of time on the sentences imposed for the violation of probation.
DOWNEY, GARRETT and FARMER, JJ., concur.