JOANOS, Chief Judge.
Appellant, Ronald Anderson, appeals the sentences imposed upon his conviction for the felony offense of possession of cocaine, and the misdemeanor offenses of resisting an officer without violence and possession of paraphernalia. Specifically, appellant contends the trial court erred in imposing one-year prison terms for the first-degree misdemeanor offenses, which carry a maximum penalty of a term of imprisonment not exceeding one year in the county jail. We affirm.
On April 30, 1992, appellant was tried before a jury and found guilty as charged on the three counts charged in the information. On May 20, 1992, the state filed an amended notice of habitual offender status, based upon a 1988 conviction for sale of cocaine, and a 1989 conviction for possession of cocaine. At sentencing on June 2, 1992, the trial court adjudicated appellant guilty, declared him to be an habitual felony offender, and imposed a five-year habitual felony offender sentence as to Count I, and imposed concurrent one-year sentences in the Department of Corrections for the two misdemeanor counts.
Pursuant to section 775.082(4)(a), Florida Statutes, a person convicted of a first-degree misdemeanor may be incarcerated for a term not to exceed one year. Section 922.051, Florida Statutes, which applies only to felonies, see Dade County v. Baker, 265 So.2d 700 (Fla.1972), proscribes any county jail term exceeding one year where a statute expressly directs that imprisonment be in a state prison. Amrein v. State, 504 So.2d 783, 784 (Fla. 1st DCA 1987).
The parties to this appeal have not provided, and our research has not disclosed, a case which directly addresses the issue presented here, i.e., whether it is error to impose one-year sentences for first-degree misdemeanors to be served in the custody of the Department of Corrections concurrently with a five-year felony sentence. Similar sentencing dispositions were recognized and implicitly approved in Daniels v. State, 491 So.2d 543 (Fla.1986), and Fletcher v. State, 538 So.2d 1350 (Fla. 2d DCA), review denied, 545 So.2d 1367 (Fla.1989), as a logical extension of the rule that “[t]he shorter of two concurrent sentences is naturally subsumed within the longer.” See Baughn v. Wainwright, 476 So.2d 792, 793 (Fla. 1st DCA 1985).
In Daniels, the defendant was sentenced to twenty-two years for kidnapping, five years for burglary, five years for attempted sexual battery, and one year for trespass, all felony sentences to be served concurrently, and concurrently with the misdemeanor trespass sentence. The supreme court approved the sentencing disposition, but remanded for proper application of jail time credit to the concurrent sentences. In conclusion, the court stated: “We reject the state’s argument that Daniels’ trespassing sentence cannot be concurrent with his felony sentences.” 491 So.2d at 545.
As a final note, appellant’s reliance on Giarraputo v. State, 447 So.2d 1033 (Fla. 4th DCA 1984), is misplaced. In Giarra-puto, the state conceded it was improper to impose a sentence of 364 days in Florida State Prison, because a sentence of less than one year cannot be served in any state penitentiary. See § 775.08(1), Fla.Stat. (1991). The trial court in this case imposed one-year sentences for the first-degree misdemeanor convictions, rather than sentences of less than one year, with the misdemeanor sentences to be served concurrently with the felony sentence.
Accordingly, pursuant to Daniels v. State, 491 So.2d 543 (Fla.1986), the sentencing disposition in this case is affirmed.
WOLF and KAHN, JJ., concur.