664 So.2d 323 (1995)
Chris DAVENPORT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1098.
District Court of Appeal of Florida, First District.
December 11, 1995.
Appellant, pro se.
No appearance by the State.
WOLF, Judge.
Davenport appeals from a final order denying his rule 3.800 motion to correct an illegal sentence which alleged that he was entitled to additional credit against his sentence for felony petit theft. The issue is whether the appellant is entitled to credit against his sentence as to felony petit theft charges for the time he was incarcerated for a violation of probation which was based on the substantive petit theft charges. We hold that he is not, and affirm.
Appellant was arrested on a petit theft charge on June 2, 1993. He was released on bond the next day, June 3, 1993. Appellant had previously been on probation for possession and sale of cocaine.
On June 15, 1993, appellant was arrested for the violation of probation. He remained *324 in jail for the violation of probation charges until July 2, 1993, when he was released on bond. His bond on the probation violation was revoked on September 6, 1993, and he was held in custody until October 21, 1993. Bond was never revoked for the petit theft charge.
On October 21, 1993, appellant was sentenced for the petit theft charge, and also for the violation of probation charges. Appellant agreed to enter a plea of nolo contendere to the felony petit theft charge and admitted the violations of probation. In return, he would be adjudicated guilty of those offenses and be sentenced for a term of five years on all charges with the sentences to run concurrently. The court accepted the no contest plea to the petit theft charge and the admissions to the violations of probation for the cocaine sale and possession charges.
While appellant received credit for 94 days as to the probation violation charges for the time he was incarcerated after his release on bond on the petit theft charges, he only received two days of jail credit toward the five-year sentence as to the felony petit theft. Appellant alleges that this was error.
In Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991), we adhered to our previous decision in Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987), and determined that where a defendant is arrested at different times on separate charges that upon receiving a concurrent sentence as to those charges, the defendant is only entitled to credit for time served as to that particular charge. In Walker, this court correctly determined that the case of Daniels v. State, 491 So.2d 543 (Fla. 1986), did not overrule Whitney and was distinguishable in that the defendant in Daniels "was arrested at the same time for a number of different charges." See also Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986).
In Daniels, supra, the court construed section 921.161(1) to mean where the defendant is serving time as to multiple charges, he must receive credit against all concurrent sentences as to those charges that may later be imposed by the trial court. The Daniels court rejected the state's contention:
[T]hat, although Daniels was incarcerated on July 10 for the kidnapping, burglary, and sexual battery charges, after July 25, Daniels was held only for the probation violation. We reject this argument. Had the probation violation allegation been dismissed, there is nothing in the record to indicate that Daniels would not have remained in custody pending trial on the kidnapping, burglary, and attempted sexual battery charges. The fact that a warrant for Daniels' probation violation was executed while he was in custody on the felony charges does not mean that he was no longer in custody on those charges.
Id. at 544.
In the instant case, unlike Daniels, appellant was released on the charge of felony petit theft; he had not been in custody on the petit theft charge for 12 days at the time he was arrested for violation of probation. A violation of probation is a separate and distinct charge which may result in incarceration. There is nothing in the record to indicate that appellant was subsequently rearrested or that his bond was revoked as to the petit theft charges. We, thus, find Daniels to be inapplicable in the instant case.
We also find nothing in the supreme court's holding in State v. Perko, 588 So.2d 980 (Fla. 1991), which is inconsistent with either Whitney or Walker. Perko also does not offer support for appellant's argument, as the holding in that case rejected Perko's argument concerning additional credits. In Perko, the court held that a defendant who receives concurrent sentences for a violation of probation and a new substantive offense is not entitled to credit for time which was served on the original offense (served prior to being placed on probation), against the sentence for the new offense.
We, therefore, find that Whitney and Walker have not been overruled and still constitute the law in this district. The decision of the trial court is affirmed.
LAWRENCE, J., concurs.
BENTON, J., dissenting with written opinion.
BENTON, J., dissenting.
Today's decision conflicts with Daniels v. State, 491 So.2d 543 (Fla. 1986), as explicated *325 and reaffirmed in State v. Perko, 588 So.2d 980 (Fla. 1991). While on probation for a prior offense, Daniels was arrested for new offenses and remained incarcerated until sentencing. Daniels, 491 So.2d at 544. After revocation of probation and conviction of the new offenses, Daniels received a one-year sentence for the offense for which he had been on probation, and concurrent sentences for the new offenses. Approving Daniels v. State, 477 So.2d 1 (Fla. 4th DCA 1985), our supreme court held that when
a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served.
Daniels, 491 So.2d at 545. Later the court recapitulated its holding in Daniels:
In Daniels, we held ... that a defendant being kept in jail pending sentencing for a new crime that also resulted in a violation of probation must receive credit for all time spent in that jail against both the sentence for the new crime and the sentence for violation of probation. Daniels, 491 So.2d at 544-45.
Perko, 588 So.2d at 982.[1] Here, too, appellant was "kept in jail pending sentencing for a new crime that also resulted in a violation of probation." The same conduct that eventuated in the new petit theft conviction resulted in revocation of appellant's probation.[2] The Daniels-Perko rule applies, whether or not there were separate arrests for the new offense and for the probation violation predicated on the new offense.
The majority opinion relies on Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991), Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987), and Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). The Walker decision is inapposite because it did not involve a new offense which also constituted a violation of probation. The Whitney and Keene decisions would support the denial of full credit for jail time for both sentences even if Mr. Davenport had never been released on bond. The decisions in Whitney and Keene are, therefore, inconsistent with Daniels and Perko.[3] Where district courts' decisions are at odds with supreme court precedent, the supreme court's decisions control. See Continental Assurance Co. v. Carroll, 485 So.2d 406, 409 (Fla. 1986); Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Because appellant received concurrent sentences for the petit theft and as a result of the violation of probation based on the petit theft, he is entitled to credit on both sentences for the time he spent in jail prior to sentencing. Perko; Daniels. I would reverse and remand for resentencing accordingly.
NOTES
[1] The holding in Perko was that a defendant who violated probation by committing a new offense was not statutorily entitled to receive credit against the new sentence for time served and gain-time accumulated while incarcerated for the earlier offense. 588 So.2d at 981.
[2] The state's contention that appellant was "free" on bond (as to the petit theft charge) while he languished in jail is nonsensical. By necessity, moreover, the grounds on which the bond was revoked as to the violation of probation were equally available to the state for revocation of the bond as to the crime of petit theft.
[3] Under Perko, a defendant who has violated probation by committing a new offense is not entitled to credit against the sentence for the new offense for time served and gain-time accumulated while incarcerated for the earlier offense underlying the order of probation. On this point Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), and many of the cases that cite them, see e.g., State v. Smith, 525 So.2d 461 (Fla. 1st DCA 1988), are not in conflict with Daniels or Perko.