PATTERSON, Acting Chief Judge.
We affirm Marvin Gulley’s conviction under section 316.1935(2), Florida Statutes (1995), for fleeing or attempting to elude a police officer, on the basis of State v. Barnes, 686 So.2d 633, 636 (Fla. 2d DCA 1996), review denied, 695 So.2d 698 (Fla.), cert. denied, — U.S. -, 118 S.Ct. 257, 139 L.Ed.2d 184 (1997). We remand, however, to correct the credit for time served.
Gulley was convicted of one felony and two misdemeanors. The trial court stated that the misdemeanors would run concurrent with each other and gave Gulley credit for the 380 days he served in jail awaiting trial on the misdemeanors, but refused to give GuEey credit on the felony sentence. Gulley is correct that he should have received credit for time served on the felony charge as weE as on the misdemeanor charges. The record reflects that the misdemeanor charges are to run concurrently, but it does not indicate whether the trial court intended the felony charge to run concurrent with or consecutive to the misdemeanors. In the absence of a specific direction that sentences are to be served consecutively, sentences resulting from crimes charged in the same information shall be served concurrently. See § 921.16(1), Fla. Stat. (1995). When felony and misdemeanor sentences that arise from the same information are to be served concurrently, the defendant is entitled to credit for time served on both the felony and misdemeanor charges. See Daniels v. State, 491 So.2d 543 (Fla.1986); McWhite v. State, 578 So.2d 46 (Fla. 5th DCA 1991). Thus, we remand for the trial court to correct Gulley’s sentence to reflect credit of 380 days for time served on the felony sentence.
BLUE, J., and MOORE, CECELIA M., Associate Judge, concur.