FLETCHER, Judge.
Rolando Reyes appeals an order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for the corrections outlined herein. The State concedes that the defendant is entitled to a second resentencing and a belated appeal on the issue of the trial court’s alleged failure to attach •written reasons to the resentencing order in case No. 91-11490.
The defendant-appellant Reyes plead nolo contendere to various felonies and misdemeanors in two cases (case numbers 91-11490 and 91-15507) on June 18, 1992. In that sentencing colloquy, the trial court reviewed with the defendant the various penalties to which the defendant was subject, and the defendant indicated affirmatively that he understood the proceedings, the penalties, and the consequences of his plea, which he freely entered into. The trial court sentenced the defendant to seven years in prison followed by three years probation. The defendant did not appeal. In 1995, the petitioner’s probation was revoked, and the trial court sentenced the defendant to pre-probation/pre-plea penalties for his 1992 offenses. The guidelines scoresheet indicated a recommended sentence of 27-40 years and a permitted sentence of 22-life. The trial court sentenced the defendant to 5 years on the burglary count, 15 years for two sexual battery counts, 15 years on retaliation against a witness count, and life for kidnapping, with all counts to run concurrently except the 5-year burglary count, which ran consecutively.
The defendant appealed, and this court determined that the written order of probation revocation and sentence did not comport with the oral sentencing pronouncement of the trial court. After remand, the trial court correctly resentenced the defendant. The defendant has since filed two post-conviction relief motions and a habeas petition, all of which have been denied. In his most recent 3.850 motion, the defendant raises several grounds, all but four without merit. The State in its response has conceded that the defendant was entitled to relief on those four issues.
First, the defendant contends that the resentencing orders in both cases did not give him credit for prison time previously served with the Department of Corrections [DOC]. The state concedes that the resen-tencing orders do not reflect prison credit for time served on defendant’s original sentence with DOC, or how much jail time credit the defendant may be entitled to, reflecting time spent in jail awaiting trial on probation revocation charges.
*140 Second, defendant claims that he is entitled to a belated appeal of the resentencing order in case no. 91-11490 because his attorney intentionally failed to file a timely notice of appeal of that order when defendant requested he do so. The State agrees, although the substance of the appeal may be meritless, because the defendant filed a sworn brief and the record does not conclusively refute his assertions of ineffective assistance of counsel. Thus the State concedes that the defendant is entitled to a belated appeal of the resen-tencing order on this issue.
Third, the State admits that the trial court’s initial 5-year prison/3-year probation sentence imposed for witness tampering was illegal, and thus the sentence imposed for violation of the 3-year probation portion of that illegal sentence was also illegal. On remand, the State concedes that the trial court should vacate the 5-year term ordered in the resentencing order in case no. 91-11490. Also, because the defendant already served his original five years on that count, the correct procedure is to delete all additional offense points for all counts of case No. 91-11490, and to remand for resentencing on a correctly revised scoresheet.
Finally, the State advises that the case should be remanded so the trial court can determine whether victim injury points were erroneously added to the scoresheet prepared for both cases (91-15507, 91-11490), where there was no penetration or ascertainable physical injury to the victim. If there was merely penetration, then 40 victim injury points should not have been added to the defendant’s scoresheet.
We reverse the denial of 3.850 relief, and remand the cause for a second resen-tencing consistent with the foregoing, and allow for a belated appeal on the issue of the trial court’s failure to attach written reasons to its resentencing order in case no. 91-11490. Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.