756 So.2d 272 (2000)
Antonio COZZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-6.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Antonio Cozza, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
Upon the State's confession of error, with which we agree, we reverse the order denying credit for time served, and remand for further proceedings.
Defendant-appellant Cozzo entered a no contest plea to charges of armed burglary and armed robbery in exchange for a split *273 sentence of 364 days in the Dade County Jail, followed by one year of community control, followed by three years of probation. Upon completion of the jail term, he was released to community control, which he violated. He pled guilty to the violation and was sentenced to three years in state prison. The trial court awarded seventy-three days of credit for time served, but did not grant credit for the term of incarceration in the Dade County Jail.
The First District has said:
A defendant who violates the probationary portion of a split sentence is entitled to receive credit for time served on the incarcerative portion of the sentence before being placed on probation. Although a defendant can waive credit for time served as part of a plea agreement, such waiver must be clearly shown on the record. "Where a defendant's waiver of credit for time served is not clearly shown on the record, it will not be presumed."
Wells v. State, 751 So.2d 703, 704 (Fla. 1st DCA 2000) (citations omitted); see also Reyes v. State, 752 So.2d 139 (Fla. 3d DCA 2000); Weaver v. State, 24 Fla. L. Weekly D 2242, ___ So.2d ___, 1999 WL 765946 (Fla. 3d DCA Sept. 29, 1999). The same logic applies to revocation of community control.
Because the present record does not conclusively refute defendant's claim to credit for the incarcerative portion of the split sentence, the order must be reversed and the cause remanded for further proceedings. See Fla. R.App. P. 9.140(i). The transcript of defendant's guilty plea to violation of community control is not in the record now before us. If defendant did not waive his right to credit for time served during the incarcerative portion of the split sentence, then he is entitled to such credit. See Wells, 751 So.2d at 704.
The case law relied on by the trial court does not address this issue. The trial court cited Davenport v. State, 664 So.2d 323 (Fla. 1st DCA 1995), but the question there was whether the defendant would be entitled to credit for time served where he had two cases but was only in custody on one of them. See id. at 324. The trial court focused on that part of Davenport which states, "A violation of probation is a separate and distinct charge which may result in incarceration." Id. at 324. The court interpreted this to mean that a violation of probation is a separate crime, and therefore the defendant is not entitled to credit for the incarcerative portion of the split sentence. That is incorrect. In Davenport the defendant committed a new crime while already on probation. The First District simply made the point that the prosecution for violation of probation was distinct from the prosecution for the new substantive offense, and each is a separate case for purposes of calculating credit for time served. See id.
A "violation of probation is not itself an independent offense punishable at law in Florida." Lambert v. State, 545 So.2d 838, 841 (Fla.1989). Instead, once the court revokes probation or community control, the court resentences the offender on the original charge, and may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control." § 948.06(1), Fla. Stat. (1995). The court then is to grant credit for time served, unless such credit has been waived as part of a plea bargain.
The trial court also relied on Echols v. State, 660 So.2d 782, 786 (Fla. 4th DCA 1995), and Garrett v. State, 693 So.2d 114, 115 (Fla. 2d DCA 1997). In those cases the courts prohibited the defendant from receiving double credit for time served. That issue is likewise not involved here.
We reverse the order denying postconviction relief and remand for further consideration of the request for credit for time served. If in his plea bargain on the violation of community control the defendant waived the right to credit for time served during the incarcerative portion of the split sentence, then defendant will not be *274 entitled to any further credit. Absent such a waiver, however, the defendant will be entitled to credit for the incarcerative period actually served in the Dade County Jail.
Reversed and remanded.