PER CURIAM.
Todd D. Williams challenges the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Williams claims that he is entitled to additional jail credits. While the record does not support the amount of credit to which Williams claims entitlement, the attachments to the trial court’s order denying Williams’ motion do not support the amount of jail credit actually awarded. Therefore, we reverse and remand for further proceedings.
First, there is an unexplained discrepancy in the amount of jail credit awarded on Williams’ initial sentence. Williams alleges that he was arrested in case number 97-19769 on December 31, 1997. He alleges that he remained in county jail on this case until February 6, 1998, when he was able to make bond. Williams alleges that he subsequently failed to appear for a court hearing and that the trial court issued a bench warrant for his arrest. Williams alleges that when he was arrested on July 16, 1998, in case number 98-6484, he was also arrested and held on the bench warrant in case number 97-19769. He was sentenced for both offenses on August 31, 1998. The trial court correctly credited Williams with 49 days of jail time in case number 98-6484. However, the trial court credited Williams with only 40 days of jail time in case number 97-19769. If Williams’ allegations are correct, he should have been entitled to 85 days of jail credit in case number 97-19769. The attachments to the trial court’s order do not explain why Williams was credited with less jail time on the case in which he actually spent more time in county jail. Therefore, on remand, the trial court must provide record attachments that explain this discrepancy or correct Williams’ jail credits.
Second, there is an unexplained discrepancy in the amount of jail credit awarded on Williams’ sentence following his violation of probation. On August 31, 1998, the *1196 trial court sentenced Williams to concurrent county jail sentences in case numbers 97-19769 and 98-6484. Williams was released from county jail on March 5, 1999, to begin serving probation in both cases. On September 9, 1999, Williams was arrested for violation of probation in both cases. He was held in county jail on both cases until sentencing on January 6, 2000. The trial court awarded Williams jail credit of 227 days in case number 97-19769 and 347 days in case number 98-6484.
The trial court’s order admits that Williams is entitled to credit for jail time served in both cases for the periods of August 31, 1998, to March 6, 1999, and September 9, 1999, to January 6, 2000. However, the order provides no explanation as to why the jail credit amounts are different when the time served is the same and the sentences were ordered to run concurrently. See Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (holding that when a defendant serves the identical jail time on separate offenses and the sentences imposed for those offenses run concurrently, each sentence must reflect jail credit for all time served). On remand, the trial court must either provide record attachments that explain this discrepancy or correct Williams’ jail credits.
Finally, we affirm the trial court’s order as it relates to the post-sentencing time Williams spent in county jail. Williams alleges that he was held in county jail from January 6, 2000, when he was sentenced, until April 7, 2000, when he was transferred to the Department of Corrections. He claims that he is entitled to additional jail credits from the trial court for this time. The trial court properly denied this claim. See Kennedy v. State, 760 So.2d 134 (Fla. 2d DCA 2000) (noting that the sheriff, not the trial court, is obligated to report this time, and the Department of Corrections is to calculate the effect of this time).
Reversed and remanded for further proceedings.
PARKER, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.