BENTON, J.,
dissenting.
On this appeal from the order denying defendant’s motion for jail credit, etc., Ronnie Patrick Mitchell seeks credit for all thirty-seven days he spent in jail before sentencing. In keeping with a plea bargain, he was sentenced on two counts for twice “DRIVING WHILE LICENSE REVOKED HABITUAL.” The trial court “place[d him] on concurrent terms of two years probation supervision with the special condition that [he] serve 60 days in the county jail, receiving credit for time ... already served.”
He was in jail after the initial arrest for only one day before being admitted to bail. After the second offense and a second arrest, he spent an additional thirty-six days in jail before the concurrent sentences were pronounced. In the order under review, however, the trial court concluded that he had to spend fifty-nine days in jail because the “Defendant is not entitled to credit for time that he is lawfully on bond status,” even if he did spend that time in jail.
Whether or not a person can both be in jail and “on bond status” at the same time — a conundrum that can be left for another day — the trial court’s order should be reversed because it is inconsistent with the supreme court’s holding in Daniels v. State, 491 So.2d 543, 545 (Fla.1986), “that the court must allow a defendant credit for all of the time spent in the county jail before sentencing.” Here the defendant spent thirty-seven days in the county jail before sentencing and was allowed credit for one. See generally Davenport v. State, 664 So.2d 323, 324-25 (Fla. 1st DCA 1995) (Benton, J., dissenting).