PER CURIAM.
The appellant challenges the denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant was arrested on February 12, 1999, for offenses which were charged in ease number 99-31 and 99-46. The appellant was held in jail for 148 days, until July 9, 1999, when he was sentenced in case number 99-31 and moved to the Department of Corrections (D.O.C.). On February 18, 2000, 371 days after his arrest, the appellant pled and was sentenced in case number 99-46 to a term concurrent with that which he was serving in case number 99-31, but was awarded no jail credit. The appellant seeks 371 days of jail credit in case number 99-46.
The appellant appears to be entitled to 148 days of jail credit in case number 99-46, for the time he served in jail on that charge before he was sent to the D.O.C. for case number 99-31. A defendant is entitled to jail credit on each sentence only for the time actually served in jail on the charges being sentenced. See Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991); Whitney v. State, 493 So.2d 1077, 1078 (Fla. 1st DCA 1986), review denied by Whitney v. State, 503 So.2d 328 (Fla.1987). The appellant is not entitled to jail credit in case number 99-46 for the time spent in D.O.C. on case number 99-31 because the two cases are unrelated. See Monroe v. State, 533 So.2d 331 (Fla. 1st DCA 1988). Because the appellant appears to be entitled to 148 days of jail credit in case number 99-46, we reverse the summary denial of this claim and remand for the trial court to attach portions of the record which conclusively refute the appellant’s entitlement to relief, or to grant the requested relief.
REVERSED AND REMANDED.
DAVIS, VAN NORTWICK and POLSTON, JJ., concur.