912 So.2d 671 (2005)
Norris LUNDY, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1491.
District Court of Appeal of Florida, Third District.
October 12, 2005.
Norris Lundy, Jr., in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
PER CURIAM.
Norris Lundy appeals an order denying his motion under Florida Rule of Criminal Procedure 3.800 for credit for jail time served. We reverse and remand.
The record before us is unclear concerning whether Lundy is entitled to the jail time credit he seeks. The State claims that Lundy is not entitled to additional credit because he waived such credit as part of the plea agreement. The plea transcript, however, was not attached to the order of denial.
Because the record before us fails to conclusively demonstrate that the appellant is not entitled to any relief, we reverse the denial of Lundy's motion for post conviction relief. See Fla. R.Crim. P. 3.850(d); Fla. R.App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded *672 for an evidentiary hearing or other appropriate relief."). See also Barfield v. State, 900 So.2d 723 (Fla. 3d DCA 2005); Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000). On remand, the trial court should either attach those portions of the record that conclusively refute Lundy's claim or award him the appropriate credit for time served.
Reversed.