PER CURIAM.
Willie Lamar Ivey appeals an order denying his motion under Florida Rule of Criminal Procedure 3.800 for credit for jail time served. We reverse and remand.
The record before us is unclear concerning whether Ivey is entitled to the jail time credit he seeks. The State claims that Ivey is not entitled to additional credit because he waived such credit. The plea transcript, however, was not attached to the order of denial.
Because the record before us fails to conclusively demonstrate that the appellant is not entitled to any relief, we reverse the denial of Ivey’s motion for post conviction relief. See Lundy v. State, 912 So.2d 671 (Fla. 3d DCA 2005): Fla. R.Crim. P. 3.850(d); Fla. R.A.pp. P. 9.141(b)(2)(D) (“On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”). See also Barfield v. State, 900 So.2d 723 (Fla. 3d DCA 2005); Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000). On remand, the trial court should either attach those portions of the record that conclusively refute Ivey’s claim or award him the appropriate credit for time served.
Reversed.