WARNER, J.
 

 Appellant, Richard Kittles, timely appeals the summary denial of his rule 3.800(a) motion to correct illegal sentence. He contends that his sentence for misdemeanor crimes is illegal, because the trial court ordered it served in prison, while it could be served only in county jail under the facts of this case. We' agree and reverse, as a trial court does not have the authority to impose a state prison sentence for a misdemeanor conviction unless the misdemeanor sentence is imposed concurrently with a felony sentence.
 

 In lower tribunal case number 01-18121 CF in the Circuit Court of Broward County, appellant was convicted of two felonies and a misdemeanor, for which he was sentenced to concurrent sentences in state prison. In lower tribunal case number 01-4270 CF, appellant was convicted of three misdemeanors for which he was sentenced to a term of one year in the Department of Corrections on .two of the counts and 60 days in Broward County Jail on the other. The sentences were to run concurrently with each other, but
 
 consecutive
 
 to the sentences imposed in case number 01-18121 CF.
 

 Appellant filed a rule 3.800(a) motion to correct illegal sentence, claiming that his sentence in case number 01-4270 CF was illegal because those crimes carried only jail time. The state filed a response to appellant’s motion, arguing that summary denial was appropriate. However, while the state’s response addressed the permissibility of consecutive sentences, the state’s response never directly addressed whether it was permissible for the trial court to impose a one-year prison sentence, rather than one year in county jail, for appellant’s misdemeanor convictions in case number 01-4270 CF. Relying on the state’s response, the trial court summarily denied appellant’s motion, prompting this appeal.
 

 Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.
 
 See Willard v. State,
 
 22 So.3d 864, 864 (Fla. 4th DCA 2009). Florida Rule of Criminal Procedure 3.800(a) provides that “[a] court may at any time correct an illegal sentence imposed by it ... when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief....” An “illegal sentence” for purposes of rule 3.800(a) is one which imposes a “kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.”
 
 See Carter v. State,
 
 786 So.2d 1173, 1181 (Fla.2001).
 

 By definition, a “misdemeanor” is a criminal offense that is punishable by a term of imprisonment in a county correctional facility for a sentence “not in excess of 1 year.” § 775.08(2), Fla. Stat. (2001). While misdemeanors ordinarily are not punishable by imprisonment in a state prison, it is permissible for a court to impose a prison sentence for a misdemean- or if it is to be served in a state penitentiary
 
 concurrently
 
 with a felony prison sentence.
 
 See Anderson v. State,
 
 617 So.2d 827, 828 (Fla. 1st DCA 1993) (holding that it was permissible for the trial court to impose one-year sentences for first-degree misdemeanors to be served in the custody of the Department of Corrections concurrently with a felony sentence);
 
 see also Daniels v. State,
 
 491 So.2d 543, 545 (Fla.1986) (“We reject the state’s argument that Daniels’ trespassing sentence cannot be concurrent with his felony sentences.”)
 

 
 *285
 
 However, where the misdemeanor sentence is
 
 not
 
 to be served concurrently with a felony prison sentence, a trial court does not have the authority to impose a state prison sentence for a misdemeanor conviction.
 
 See Flores v. State,
 
 974 So.2d 556, 559 (Fla. 5th DCA 2008) (stating that misdemeanors are not punishable by imprisonment in a state prison and that “when a defendant is convicted of both a felony and a misdemeanor, the trial court may properly sentence a defendant to county jail time on the misdemeanor to be followed by a prison sentence”);
 
 see also Giarraputo v. State,
 
 447 So.2d 1033, 1033 (Fla. 4th DCA 1984) (“In this case, a trial judge sentenced the defendant to 364 days in ‘Florida State Prison;’ on appeal, the state concedes that a sentence for less than one year cannot be served in any state penitentiary”).
 

 Here, the judgment of conviction and sentence reveals that the trial court sentenced appellant to a term of one year in the custody of the Department of Corrections for misdemeanor crimes in case number 01-4270 CF, to run consecutive to a prison sentence imposed for felony convictions in another case. Because the sentencing order on its face reflects that appellant’s misdemeanor sentences in case number 01-M270 CF were not imposed concurrently to any felony sentence at the time of their imposition, we conclude that it was impermissible to impose a sentence of imprisonment in a state prison for appellant’s misdemeanors in that case. Accordingly, we reverse the summary denial of appellant’s rule 3.800(a) motion and remand with directions for the trial court to correct the sentencing order. The sentence can be corrected either by ordering it concurrent with the felony sentences in case number 01-18121 CF or by ordering the sentence in case number 01-4270 CF to be served in the county jail, rather than one year in state prison.
 

 Remanded with directions.
 

 POLEN and STEVENSON, JJ., concur.