WOLF, J.
Appellant challenges the trial court’s dismissal of his motion for postconvietion DNA testing which he filed pursuant to Florida Rule of Criminal Procedure 3.853 and section 925.11, Florida Statutes. Appellant raises several issues but we address only one: whether the trial court erred in finding appellant was precluded from seeking postconvietion DNA testing because he was resentenced after violating probation. We find the trial court erred and reverse and remand for consideration of the motion on the merits.
In its order denying appellant’s motion for postconvietion DNA testing, the court noted on August 22, 2005, appellant entered a no contest plea to one count of lewd and lascivious battery and was sentenced to 15 years’ probation. On October 18, 2005, the court found appellant violated the terms of his probation, but his sentence was reinstated. On January 24, 2006, the court again found appellant violated probation and his probation was revoked and he was sentenced to 15 years in prison.
In denying his motion for postconvietion DNA testing, the trial court found appellant was precluded from challenging the evidence relevant to the lewd and lascivious battery charge because appellant’s current sentence was entered as a result of his violation of probation. The court reasoned this challenge would have the effect of “undermining the finality of a VOP judgment and sentence.”
However, “[a] ‘violation of probation is not itself an independent offense punishable at law in Florida.’ ” Cozza v. State, 756 So.2d 272, 273 (Fla. 3d DCA 2000) (quoting Lambert v. State, 545 So.2d 838, 841 (Fla.1989)). “Instead, once the court revokes probation or community control, the court resentences the offender on the original charge, and may ‘impose any sen *574 tence which it might have originally imposed before placing the probationer or offender on probation or into community control.’ ” Cozza, 756 So.2d at 273 (quoting § 948.06(1), Fla. Stat. (1995), now codified at § 948.06(2)(b), Fla. Stat. (2009)).
When appellant’s probation was revoked, he was sentenced for lewd and lascivious battery, not violation of probation. Therefore, the fact appellant’s sentence for lewd and lascivious battery was entered after violation of probation does not preclude him from seeking postconviction DNA testing of physical evidence relevant to the lewd and lascivious battery charge. Thus, we reverse and remand for the trial court to consider appellant’s motion on the merits.
REVERSED AND REMANDED.
KAHN and WEBSTER, JJ„ concur.