DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK BERNARD THOMAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2548

[March 24, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Joseph Murphy, Judge; L.T. Case No. 502015CF008185B.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Frederick Bernard Thomas appeals his conviction and sentence for grand theft and conspiracy to commit grand theft. We affirm his conviction without comment but reverse to correct a scrivener's error.

The trial court sentenced Thomas concurrently to twenty years for grand theft and ten years for conspiracy to commit grand theft. Thomas moved to correct his sentence because the written judgment incorrectly listed his conspiracy conviction as a first-degree felony. The trial court did not issue a ruling within sixty days, and the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). This appeal followed.

This court reviews a motion to correct a sentencing error under a de novo standard because it presents a pure question of law. *See Kittles v. State*, 31 So. 3d 283, 284 (Fla. 4th DCA 2010). Florida Rule of Criminal Procedure 3.800 allows a trial court to correct a scrivener's error. *See Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009). A "scrivener's error refers to 'clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution.'" *J.D. v. State*, 849 So. 2d 458, 459 (Fla. 4th DCA 2003) (quoting *Ashley v. State*, 850 So. 2d 1265, 1268 n. 3, (Fla. 2003)).

Under section 777.04(c), Florida Statutes (2015), conspiracy is a second-degree felony "if the offense attempted, solicited, or conspired to is a life felony or a felony of the first degree." Thomas was convicted of grand theft, a first-degree felony, making his conspiracy conviction a second-degree felony. The trial court erred when it did not correct the written judgment to reflect this. The State properly concedes this error.

We reverse and remand for the trial court to correct the written judgment to reflect that the conspiracy to commit grand theft conviction is a second-degree felony. Thomas does not have to be present for this correction. *See Lucas v. State*, 247 So. 3d 23, 24 (Fla. 4th DCA 2018).

*Affirmed in part; reversed in part and remanded with instructions.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***