965 So.2d 1244 (2007)
Omar MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1651.
District Court of Appeal of Florida, Second District.
October 3, 2007.
ALTENBERND, Judge.
Omar Martinez appeals the trial court's order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Martinez is seeking additional jail credit in regard to circuit court case number 04-CF-747. We reverse the order and remand for the trial court to award additional jail credit. This may result in Mr. Martinez's right to immediate release.
Mr. Martinez was convicted of burglary and grand theft in Lee County in case number 04-CF-747 on June 29, 2004. He received a sentence of probation. While on probation, he committed another burglary in Lee County on October 15, 2004. He was arrested for this new offense on the same day. This offense resulted in a new charge of burglary in case number 04-CF-16629. Mr. Martinez has not been out of custody since the day of this arrest.
On the day following his arrest for the new burglary, Mr. Martinez was "arrested" while in the Lee County jail on an alleged violation of probation in case number 04-CF-747. This alleged violation was not based on the new offense but rather on Mr. Martinez's alleged changing of his residence without the permission of his probation officer.
On May 11, 2005, the trial court conducted a hearing on the violation of probation. The State did not attempt to add the new offense as an additional ground for the violation. The trial court found Mr. Martinez not guilty of the violation of probation and ordered him released from custody *1245 on case number 04-CF-747 only. This release had no practical benefit for Mr. Martinez because he was still in jail awaiting trial on the newer charge.
The very next day, a new affidavit of violation of probation and warrant were issued alleging the new offense as the violation of probation. Even though Mr. Martinez was in the local jail, he was not "arrested" on the new warrant until approximately eleven months later on April 17, 2006.
On July 19, 2006, Mr. Martinez pleaded nolo contendere to the new burglary charge in case number 04-CF-16629, and the trial court sentenced him to a term of incarceration of 3 years and 18 days. He received 643 days of jail credit for this offense. However, he was not sent to the Department of Corrections at that time because the affidavit alleging a violation of probation in case number 04-CF-747 was still pending.
On August 2, 2006, the trial court revoked Mr. Martinez's probation in case number 04-CF-747 and sentenced him to two concurrent terms of imprisonment of three years. These sentences were specifically to run concurrently with the active sentence imposed in case number 04-CF-16629 a few days earlier. However, for these sentences in case number 04-CF-747, he received jail credit of only 441 days. This calculation did not include credit for the period between May 11, 2005, and April 17, 2006, when Mr. Martinez was "released" from incarceration in case number 04-CF-747 but was detained in jail for the new burglary charge in case number 04-CF-16629.
The narrow issue in this case is whether the State, by delaying execution of an arrest warrant on a detainee in the local jail, can avoid providing jail credit to the detainee on a sentence imposed for a violation of probation based on a new offense: (1) when the detainee is at all relevant times in jail pending disposition of that same new offense, and (2) when the sentence on the new offense and the offense on violation of probation are imposed to run concurrently. At least in this narrow context, the detainee is entitled to receive jail credit from the date of the issuance of the affidavit of violation and related warrant if the warrant is not served within a reasonable time.
When a committing trial court issues a warrant on an affidavit of violation of probation, it is "returnable forthwith" before the court that granted the term of probation. See § 948.06(1)(b), Fla. Stat. (2005). The term of probation does not continue running while the warrant is outstanding. Instead the term of probation is "tolled." See § 948.06(1)(d). When a sheriff receives such a warrant, there may be no urgency from the perspective of public safety to arrest the person who is already in jail, but the sheriff does have a duty and obligation to execute such warrants. See § 30.15(1)(b), Fla. Stat. (2005).
Section 921.161(1), Florida Statutes (2005), provides in pertinent part that "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." In Daniels v. State, 491 So.2d 543, 544-45 (Fla.1986), the supreme court held that concurrent sentences generally should be imposed with overlapping jail credit. This statutory entitlement to presentence jail credit, however, starts with an arrest for a criminal offense. See Gethers v. State, 838 So.2d 504, 506-507 (Fla.2003); Bedford v. State, 880 So.2d 1265, 1266-67 (Fla. 2d DCA 2004). As a result, the courts have refined the holding in Daniels so that defendants do not typically receive jail credit for time in jail prior to their actual arrest for a new offense. See White v. State, 940 So.2d 1165 (Fla. 2d DCA *1246 2006); Blake v. State, 807 So.2d 772 (Fla. 2d DCA 2002); Davenport v. State, 664 So.2d 323 (Fla. 1st DCA 1995).
The circumstances in this case, however, are different from those in a case like Davenport, in which bond was revoked by a judge at first appearance on some, but not all, pending charges when the defendant was rearrested. Here the loss of jail credit does not depend upon a ruling of the court at a hearing where Mr. Martinez was represented by counsel. Instead, after losing the hearing on the first affidavit of violation, the local authorities took all steps to immediately toll Mr. Martinez's term of probation but did not take the simple step necessary to commence his jail credit. It seems noteworthy that the factual basis for his detainment on both the affidavit alleging a violation of probation and the new offense are identical. To condition receipt of jail credit under such circumstances on the sole factor of when the local sheriff finally gets around to arresting his or her prisoner would be to condition jail credit on a nonjudicial factor that was beyond Mr. Martinez's control and which was completely arbitrary.
We conclude that section 921.161(1) must be interpreted in favor of Mr. Martinez under these circumstances and must allow jail credit on the violation of probation from the day that he was first arrested on the affidavit of violation of probation, October 16, 2004.
Reversed and remanded with directions.
STRINGER and SILBERMAN, JJ., concur.