20 So.3d 959 (2009)
Raul ALPHONSO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-4303.
District Court of Appeal of Florida, Fourth District.
October 7, 2009.
Rehearing Denied December 2, 2009.
Raul Alphonso, Polk City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
The appellant, Raul Alphonso, timely appeals the trial court's denial of his motion for post-conviction relief seeking additional jail credit. See Fla. R.Crim. P. 3.800(a). This court has jurisdiction. Fla. R.App. P. 9.140(b)(1).
In November 1997, Alphonso was charged in Broward County with both burglary of a structure or conveyance and grant theft. He entered a plea in November 1998, and the trial court sentenced him to three years in prison, followed by five years probation. After Alphonso's release, he violated probation, and the trial court issued a violation of probation warrant on January 25, 2001.
The next month, Alphonso was arrested in Miami-Dade County on unrelated charges. Alphonso was sentenced to fifteen years on the Miami-Dade County charges and transferred to prison. Alphonso claimed he was served with the warrant regarding his Broward Country violation of probation on February 20, 2001, while he was in the Miami-Dade *960 County jail, but the record on appeal is inconclusive.
In March 2004, an amended warrant issued regarding Alphonso's Broward County violation of probation. Alphonso was transferred to Broward County jail so that he could attend a hearing. At the hearing on May 24, 2004, Alphonso admitted the allegations, and the trial court revoked his probation and sentenced him to fifteen years on the burglary charge and ten years on the grand theft charge, both sentences to run concurrently with each other and with Alphonso's sentence for his crimes committed in Miami-Dade County. Alphonso was given 369 days jail credit. His motion argues that he instead is entitled to 1189 days of jail credit, from February 20, 2001 when he claimed the warrant was executed, to May 24, 2004. See § 921.161, Fla. Stat. (2004).[1] He claims manifest injustice will result if his motion is denied.
The ultimate factual issue in this case is the date on which the warrant was executed. The record on appeal reveals the warrant was issued in February 2001, but the record does not include evidence of the warrant's execution in 2001. A Broward Sheriff's Office teletype shows the warrant was entered into the National and the Florida Crime Information Center on February 2, 2001. The teletype stated, "Warningdo not arrest based on this information" and "Immediately confirm warrant and extradition with entering agency." An additional teletype entered January 22, 2002 states, "Please place a hold and compare all fingerprint class and physical ID to determine both subject are one and the same ... Also advise when our hold has been place so we can update our file." The State claims these teletypes refute Alphonso's argument. These teletypes, however, also raise suspicion that law enforcement officials were purposely avoiding executing the warrant so long as Alphonso was in custody for the crimes he committed in Miami-Dade County. Alphonso argues it is unjust that a sheriff who had custody of him in another county and knew of an active warrant could simply fail to execute such warrant.
A defendant is not entitled to jail credit for time served until the warrant is served. Gethers v. State, 838 So.2d 504, 507-08 (Fla.2003). In Martinez v. State, the Second District Court of Appeal held a defendant was entitled to additional jail credit where a violation of probation warrant issued, and the sheriff simply did not execute the warrant, although the defendant was simultaneously in custody on another charge. 965 So.2d 1244, 1246 (Fla. 2d DCA 2007). The narrow holding in Martinez does not apply to the present case. See id. In Martinez, the defendant was convicted twice in Lee County and the evidence more clearly demonstrated that "local authorities took all steps to immediately toll Mr. Martinez's term of probation but did not take the simple step necessary to commence his jail credit." Id. Here, not only is the record inconclusive as to both whether the warrant was executed in 2001, as Alphonso claims it was, and whether law enforcement officials acted in collusion to prevent execution of said warrant, but Alphonso was sentenced and served time in two different counties. The decision of the trial court thus is affirmed, and law *961 enforcement officials are admonished against seeking a warrant and subsequently asking a holding county to delay its execution.
Affirmed.
DAMOORGIAN, J., concurs.
TAYLOR, J., dissents with opinion.
TAYLOR, J., dissenting.
I would apply the reasoning in Martinez v. State, 965 So.2d 1244 (Fla. 2d DCA 2007), and remand for the trial court to award the defendant jail credit from the date the violation of probation warrant issued, given the sheriff's duty to promptly execute the warrant.
NOTES
[1] Alphonso previously filed a Rule 3.800 motion for post-conviction relief, which the trial court denied on November 23, 2004. Alphonso appealed and this court affirmed per curiam on April 27, 2005 without prejudice to refile. Alphonso then filed a Rule 3.850 motion, which the State and the trial court treated as a Rule 3.800 motion. The trial court denied this motion as well, and this court affirmed per curiam on August 22, 2007. Alphonso v. State, 963 So.2d 244 (Fla. 4th DCA 2007).