KELLY, Judge.
 

 Dwight Ross appeals from the order denying his motion to correct sentencing error filed under Florida Rule of Criminal Procedure 3.800(a). He argues that he is entitled to additional credit for time he served in county jail awaiting sentencing.
 

 As part of a plea agreement, Ross received a sentence of fifteen years and nine months in state prison with credit for time served. The judgment rendered on March 19, 2008, reflects that he was sentenced to fifteen years and nine months with “a total of 430 days as credit for time incarcerated before imposition of this sentence.” Ross filed a “motion for additional jail credit time” arguing that he was entitled to credit for an additional sixty-five days he spent in county jail. He specified the dates that he was in county jail that he believed were not reflected in the sentence. The trial court denied his motion.
 

 A claim for credit for jail time served is cognizable as a motion filed pursuant to rule 3.800(a) provided the claim can be determined from the face of the record. We find the resolution of Ross’s jail credit claim requires factual determinations that are not apparent in the record and thus cannot be resolved in a rule 3.800(a) motion.
 
 See Ericson v. State,
 
 932 So.2d 311 (Fla. 2d DCA 2006). Accordingly, we affirm the denial of the rule 3.800(a) motion without prejudice to Ross’s right to file within thirty days from the date of the mandate a rule 3.850 motion to determine whether he is entitled to additional jail credit.
 
 See Renaud v. State,
 
 926 So.2d 1241, 1242 (Fla.2006) (“When the alleged illegality of the sentence is not apparent on the face of the record, a rule 3.850 motion is the only available remedy.”).
 

 Affirmed.
 

 ALTENBERND and VILLANTI, JJ., Concur.