PER CURIAM.
David Seplow (Defendant) appeals an order of the Palm Beach County circuit court, summarily denying his motion to correct illegal sentence pursuant to rule 3.800(a), in which he sought additional credit for jail time served, though he received the amount of credit called for in his negotiated plea agreement. We affirm without prejudice to his filing a timely rule 3.850 motion challenging his plea on this basis, should he choose to do so. See Johnson v. State, 60 So.3d 1045 (Fla.2011) (holding that challenges to plea agreement provisions concerning credit for time served are not cognizable in rule 3.800(a) motions because they present factual questions that cannot be resolved on the basis of trial court records).
Because this court previously considered such motions to be cognizable under rule 3.800(a),[1] we provide that any such motion should not be considered successive to the rule 3.850 motion which Defendant already filed with the trial court, challenging the voluntariness of his plea based on matters other than his jail time credit.[2]

Affirmed, without prejudice.

POLEN, GROSS and HAZOURI, JJ„ concur.

. E.g., Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995) (reversing denial of rule 3.800(a) motion where trial court found defendant had waived right to credit for time served prior to being placed on probation because the plea, as negotiated, did not specifically provide for it; holding that mere failure to object to sentence that does not provide for the credit did not constitute a waiver; credit for time served in jail may be waived, but a waiver of jail time credit must be specific, voluntary, and clearly shown on the record; it cannot be shown merely by stipulation in a plea agreement), called into doubt by Johnson.

. An appeal from the denial of Defendant's rule 3.850 motion currently is pending in this court. (Case no. 4D11-1446)