VILLANTI, Judge.
Gabrial Rios appeals the trial court’s order denying his motion for additional jail time credit in circuit court case number 2009-CF-615, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the order and remand for the post-conviction court to consider Rios’ motion as a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
The trial court sentenced Rios concurrently in two circuit court cases. In his motion, Rios argued that he is entitled to more jail time credit in one of those cases. On June 13, 2009, a warrant was issued in DeSoto County for Rios’ arrest for the sale and possession of methamphetamine. These offenses later became the foundation for case number 2009-CF-615. Two days later, on June 15, 2009, Rios was arrested in DeSoto County on separate charges of trafficking in methamphetamine and possession of drug paraphernalia in case number 2009-CF-340. Although he was detained in the DeSoto County Jail awaiting disposition in case number 2009-CF-340, the State did not execute the warrant on the charges in 2009-CF-615 until October 30, 2009. On June 23, 2011, over two years from the date that he was originally detained in DeSoto County, Rios pleaded nolo contendere and was sentenced in both cases.
In case number 2009-CF-340, the court sentenced Rios to four years’ imprisonment with a three-year minimum mandatory sentence for trafficking in methamphetamine (count one), and eleven months and twenty-nine days in jail for the possession of drug paraphernalia (count two). The court awarded Rios 739 days of jail time credit on count one and 364 days of credit on count two. In case number 2009-CF-615, the court sentenced him to four years’ imprisonment followed by three years’ probation for the sale of methamphetamine, and four years’ imprisonment for the possession of methamphetamine. The court imposed these sentences concurrently with each other and with the sentences imposed in 2009-CF-340. The court awarded Rios 602 days of jail time credit in 2009-CF-615. The court apparently calculated this credit from October 30, 2009, the date that the warrant was executed in 2009-CF-615, not the date he was originally detained in jail.
It is apparent that there was a five-month delay in the execution of the warrant on the charges in 2009-CF-615. Thus, the issue is whether Rios is entitled to the same credit in 2009-CF-615 as was awarded in 2009-CF-340-739 days’ credit for the entire length of his detainment in jail from the date of his arrest on June 15, 2009, to the date of his sentencing on June 23, 2011.
Generally, a defendant is not entitled to jail credit for time served until the warrant is served. Gethers v. State, 838 So.2d 504, 507-08 (Fla.2003). However, in Martinez v. State, 965 So.2d 1244 (Fla. 2d DCA 2007), this court addressed the issue of whether the State can withhold jail time credit by delaying the execution of a warrant. The defendant in Martinez was a probationer who was arrested when he committed a new offense of burglary. Id. at 1244. While he was in jail awaiting disposition of the burglary offense, he was charged with violating his probation by committing the new law violation, and a VOP arrest warrant was issued. Id. at 1245. The State delayed executing the arrest warrant on the VOP for eleven months. Id. The trial court subsequently *824 sentenced Martinez to concurrent sentences on the burglary charge and the VOP but did not grant credit on the VOP sentence for the eleven months spent in jail between the issuance of the warrant and its actual execution. Id.
The narrow issue decided in Martinez was whether the State could manipulate the provision of jail time credit by delaying the execution of a VOP warrant when the detainee was in jail pending disposition of that same new offense and when the sentence on the new offense and on VOP were imposed concurrently. Id. This court held that Martinez was entitled to credit for the eleven months spent in jail after the issuance of the warrant but before its execution. Id. at 1246. The court reasoned that the sheriffs delay in the execution of the VOP warrant was a “completely arbitrary” nonjudicial factor beyond the defendant’s control. Id. But see Alphonso v. State, 20 So.3d 959, 960 (Fla. 4th DCA 2009) (affirming the denial of defendant’s 8.800(a) motion for additional jail time credit despite the alleged delay in the execution of the arrest warrant where the defendant served time in separate counties and where the record was unclear as to when the warrant was executed and whether law enforcement acted in collusion to prevent execution of the warrant).
In its response to an order to show cause issued by this court, the State argued that the narrow holding in Martinez should not be expanded to award jail time credit based on arrest warrants for new offenses distinct and separate from those offenses for which the defendant is already detained. Although this case differs from Martinez in that Rios was not held for a crime that also served as the underlying offense for a VOP, the warrant was issued from the same county where Rios was detained and the delay in the execution is present in both cases. However, the record before us is unclear and, while it seems preposterous that it took the DeSoto County Sheriff five months to complete the purely ministerial act of arresting Rios while he was detained in the DeSoto County Jail, this court cannot determine whether Rios is entitled to additional credit without more record facts. See Ross v. State, 37 So.3d 912, 912 (Fla. 2d DCA 2010) (holding that the entitlement to additional jail time credit in a rule 3.800(a) motion must be apparent from the face of the record). Because Rios’ motion was sworn and filed within two years from the date that his sentence became final, we remand for the postconviction court to treat the claim as a rule 3.850 claim[1] and to determine whether Rios is entitled to additional jail time credit.
Reversed and remanded.
KHOUZAM and MORRIS, JJ., Concur.

. Jail credit claims are cognizable in rule 3.850 motions. See Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002) (holding that jail credit issues can be raised in a rule 3.850 motion " 'if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court’s records’ ” (quoting Thomas v. State, 611 So.2d 600, 601 (Fla. 2d DCA 1993))).