PER CURIAM.
Appellant appeals the denial of his Rule 3.800(a) motion to correct illegal sentence in which he sought additional jail credit on his Broward County sentences for violation of probation (“VOP”) in case no. 10-8639CF10A for time spent in the Charlotte County jail on unrelated charges arising in Charlotte County. Appellant resolved his Broward VOP case by plea agreement that included sixteen days of jail credit. Appellant argued in his Rule 3.800(a) motion that he should have received credit from the time the Broward VOP arrest warrant *571 was issued, but did not include in his motion any information as to where in the Broward County case record it could be shown when the VOP warrant was either transmitted or executed upon appellant while he was incarcerated in the Charlotte County jail. As a result, his Rule 3.800(a) motion was insufficiently pled, and thus denial of his motion by the trial court was proper. See Alphonso v. State, 20 So.3d 959, 960 (Fla. 4th DCA 2009); see also Johnson v. State, 60 So.3d 1045, 1051-52 (Fla.2011) (claim for jail credit beyond amount agreed to in plea bargain not cognizable in Rule 3.800(a) proceedings); Rocha v. State, - So.3d -, 2013 WL 611332, 38 Fla. L. Weekly D416 (Fla. 4th DCA Feb. 20, 2013) (same). Thus, the trial court’s summary denial of appellant’s motion is affirmed.
However, since the time for appellant to file a timely motion for postconviction relief under Rule 3.850 to resolve any factual disputes underlying his request for jail credit does not expire until May 1, 2014, our affirmance is without prejudice to appellant filing a timely motion for postcon-vietion relief under Rule 3.850 seeking the additional jail credit described in his Rule 3.800(a) motion. Any timely Rule 3.850 motion appellant files on this subject shall not be considered successive as that term is defined in Rule 3.850(f). Seplow v. State, 82 So.3d 948, 948 (Fla. 4th DCA 2011).

Affirmed without prejudice.

GROSS, LEVINE and CONNER, JJ., concur.