KHOUZAM, Judge.
Antonio D. Wade appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the postconviction court to award him additional presentence jail credit in case number 08-18974.
On September 17, 2008, Wade was arrested and charged in three different case numbers: 08-18226, 08-18227, and OS-18228. He was still in custody on these charges on September 24, 2008, when he received a summons notifying him that he had been charged in a fourth case number (08-18974) and that an arraignment would be held on October 13, 2008. A capias in that case number issued on September 25, 2008. Wade was charged in a fifth case number (08-19450) on October 2, 2008. A capias issued the same day, and the arrest warrant was served on Wade in jail on October 6, 2008. Ultimately, on June 25, 2009, the trial court adjudicated Wade guilty and sentenced him to concurrent terms of five years in prison on each count in all five case numbers. Wade received proper credit for the time he spent in jail between his September 2008 arrest, and the June 2009 sentencing 'in each case number except for case number 08-18974, in which he was only awarded one day of credit.
In his motion, Wade asserted that he was entitled to 281 days of jail credit for the time he spent in jail from his arrest on September 17, 2008, until his June 25, 2009, sentencing in case number 08-18974. The postconviction court denied this claim as successive because it had previously denied the same claim on the merits in its March 15, 2010, order on Wade’s first rule 3.800(a) motion. In that order, the court' had found that Wade was not in custody prior to sentencing in case number OS-18974. But the record reflects that Wade was in fact in custody in that case number prior to the. sentencing hearing. The docket report and copy of the summons show that the sheriff served Wade with a summons in case number 08-18974 on September 24, 2008, at the Hillsborough County jail; that the circuit court issued a capias in that case number on September 25, 2008; and that Wade was arraigned in October 2008. Thus, the postconviction court’s finding was in error.
Further, while Wade may not have been formally arrested until sentencing, the fact that the State failed to take the simple step of executing the warrant does not bar him from receiving jail credit for the time he spent in custody prior to sen *1004 tencing in case number 08-18974. In Martinez v. State, 965 So.2d 1244, 1246 (Fla. 2d DCA 2007), this court held that “[t]o condition receipt of jail credit ... on the sole factor of when the local sheriff finally gets around to arresting his or her prisoner would be to condition jail credit on a nonjudicial factor that was beyond [the defendant’s] control and which was completely arbitrary.” Although the information, capias, and summons in case number 08-19450 issued after those in case number 08-18974, Wade received 265 days of jail credit in case number 08-19450 because the warrant was executed on October 6, 2008.
Thus, Wade is entitled to the credit he seeks. And, as the State concedes, the postconviction court’s previous order denying this claim should not bar relief “because ‘the award of jail credit is clearly incorrect as a matter of law and a failure to correct that error would result in manifest injustice.’ ” Zamora v.State, 96 So.3d 1116, 1116 (Fla. 2d DCA 2012) (quoting Bronk v. State, 25 So.3d 701, 703 (Fla. 2d DCA 2010)). Therefore, we reverse and remand for the postconviction court to grant Wade’s motion and award him the 281 days of presentence jail credit in case number 08-18974 for the time he spent in jail prior to the June 25, 2009, sentencing hearing. As it appears that Wade’s release will be imminent when he receives the additional jail credit, the postconviction court should expedite the proceedings on remand and enter an order within fifteen days of the issuance of the mandate.
Reversed and remanded with instructions.
NORTHCUTT and DAVIS, JJ., Concur.