NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DAHROL JAMES,                          )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D14-2815
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed July 10, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Michael Raiden, Judge.

Dahrol James, pro se.


SILBERMAN, Judge.

          Dahrol James appeals the summary denial of his amended motion to
correct illegal sentence and to award additional jail credit, filed under Florida Rules of
Criminal Procedure 3.800(a) and 3.801.  We reverse and remand for the postconviction
court to reconsider whether James is entitled to additional presentence jail credit in
circuit case number 2002-CF-8476.  We affirm without comment the denial of James'
additional claims.

In 2004, James pleaded no contest in circuit case number 2002-CF-8476 to burglary of a dwelling, and the trial court sentenced him to sixteen months in prison, with 528 days' jail credit, followed by ten years' probation. In 2012, the trial court revoked his probation and sentenced him to ten years in prison with 962 days' jail credit for time served while awaiting resentencing and 528 days' credit for time he spent in jail prior to the imposition of the original sentence, for a total credit of 1490 days.

In January 2014, James filed his motion to correct illegal sentence and for jail credit. He then filed an amended motion and a supplemental amendment to his motion. In summary, James claimed that the award of 528 days' credit for time served prior to the original sentence was insufficient. He asserted that he should have received 730 days' credit, starting from the date of his original arrest on December 17, 2002, until sentencing on December 17, 2004. He maintained that the partial credit of 528 days was only for the period from July 8, 2003, to December 17, 2004, and that he is entitled to the difference.

The State acknowledged that James' motion was timely and not successive, but it argued that James had received the proper amount of jail credit. The postconviction court adopted and incorporated the State's response and concluded that the record established that James received all the credit to which he was entitled. The court found that James was not arrested until July 8, 2003, and was not entitled to credit from December 17, 2002, to July 8, 2003.

The record demonstrates that the warrant in case number 2002-CF-8476 issued on January 8, 2003, and was executed on July 8, 2003. But a Polk County Sheriff's Office booking sheet shows that James was in custody in that case number on

- 2 -

April 15, 2003. While it appears James may not have been formally arrested in the case until July 8, 2003, he would be entitled to jail credit for the time he actually spent in custody in case number 2002-CF-8476 prior to sentencing. See Wade v. State, 125 So. 3d 1002, 1003-04 (Fla. 2d DCA 2013) ("[W]hile Wade may not have been formally arrested until sentencing, the fact that the State failed to take the simple step of executing the warrant does not bar him from receiving jail credit for the time he spent in custody prior to sentencing in case number 08-18974."); see also Martinez v. State, 965 So. 2d 1244, 1246 (Fla. 2d DCA 2007) (explaining that "[t]o condition receipt of jail credit under such circumstances on the sole factor of when the local sheriff finally gets around to arresting his or her prisoner would be to condition jail credit on a nonjudicial factor that was beyond Mr. Martinez's control and which was completely arbitrary"). Because the State and the postconviction court appear to have overlooked the booking sheet, we reverse and remand for the postconviction court to determine whether James is entitled to additional jail credit from April 15, 2003, until July 8, 2003.

Affirmed in part, reversed in part, and remanded with directions.

LUCAS and SALARIO, JJ., Concur.