IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTONIOUS LOUIS,

    Appellant,

v.                                          Case No. 5D13-4289

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed July 18, 2014

3.801 Appeal from the Circuit Court
for Brevard County,
John M. Griesbaum, Judge.

Antonious Louis, Perry, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

    Appellant appeals an order denying his motion to correct jail time credit.[1] He

contends the trial court erred in awarding only fifty-two days of jail credit when he was

sentenced. We reverse and remand.

---

    [1] Florida Rule of Criminal Procedure 3.801(a) permits a court to correct a sentence
that fails to allow a defendant credit for all of the time he or she spent in the county jail
before sentencing.

Appellant was first arrested on September 25, 2012. On November 14, 2012, he posted bond. Thereafter, appellant failed to appear at a mandatory court proceeding, and a bench warrant was issued for his arrest. He was rearrested on May 29, 2013, brought to court that same day, and the trial court reinstated his bond. Based upon these facts, the trial judge, when sentencing appellant, awarded him fifty-two days of jail credit and, in his order denying appellant's motion for jail credit, attached copies of documents supporting this chronology.

Appellant argued below and argues here that he was entitled to receive two additional days of jail credit at sentencing because, although his bond was posted on November 14, 2012, he was not actually released from jail until November 15, 2012, and, although he was rearrested on May 29, 2013, and his bond was reinstated that day by the trial court, he was not released from the county jail until May 30, 2013. Appellant attached to his motion a copy of a letter dated October 4, 2013, from a court records specialist with the Brevard County Sheriff's Office, which indicated that, prior to sentencing, he was in custody on this case from September 25, 2012, until November 15, 2012 (i.e., fifty-two days) and then from May 29, 2013, until May 30, 2013 (two days).[2]

When, as in this case, a factual dispute exists, and the files and records do not conclusively show appellant is entitled to no relief, an evidentiary hearing is generally required. *See* Fla. R. Crim. P. 3.850(f) (incorporated in Fla. R. Crim. P. 3.801(e)).

---

[2] This court entered an order directing the State to file a response addressing the merits of appellant's jail credit claim. In its response, the State asserted, among other things, that the letter from the Brevard County Sheriff's Office, which appellant attached to his motion, "verifies the facts contained in the trial court's order."

REVERSED and REMANDED with directions that the trial court either grant the additional two days jail credit or hold an evidentiary hearing to determine appellant's entitlement to the same.

LAWSON and WALLIS, JJ., concur.