# Third District Court of Appeal

## State of Florida

Opinion filed September 03, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1750
Lower Tribunal No. 2013-CF-21-A-K
_____

**Nicholas Belanger,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Nicholas Belanger, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

ROTHENBERG, J.

The defendant, Nicholas Belanger, appeals the denial of his Florida Rule of Criminal Procedure 3.801 motion for additional jail credit. Based on our review of the defendant's motion, we agree with the trial court that the defendant's motion fails to include all of the information required by rule 3.801(c).[1] However, because this was the defendant's first attempt to file such a motion, the trial court erred by denying the defendant's motion without giving the defendant leave to amend his motion. Accordingly, we reverse the order under review to allow the defendant to file a facially sufficient rule 3.801 motion within sixty days of the issuance of this Court's mandate.

We briefly address the procedure that should be followed by trial courts when a defendant files a timely but facially insufficient rule 3.801 motion that disputes the amount of credit given for the time the defendant spent in the county

---

[1] Rule 3.801(c) provides:

> **(c) Contents of Motion**. The motion shall be under oath and include:
>
> (1) a brief statement of the facts relied on in support of the motion;
>
> (2) the dates, location of incarceration and total time for credit already provided;
>
> (3) the dates, location of incarceration and total time for credit the defendant contends was not properly awarded;
>
> (4) whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number and resolution of the charges; and
>
> (5) whether the defendant waived any county jail credit at the time of sentencing, and if so, the number of days waived.

jail prior to sentencing. Rule 3.801(e) incorporates portions of rule 3.850, including subsection (f). Rule 3.850(f)(2) provides:

> **(f) Procedure; Evidentiary Hearing; Disposition.** On filing of a motion under this rule, the clerk shall forward the motion and file to the court. Disposition of the motion shall be in accordance with the following procedures, which are intended to result in a **single, final, appealable order that disposes of all claims raised in the motion**.
> . . . .
> (2) *Timely but Insufficient Motions.* If the motion is insufficient on its face, and the motion is timely filed under this rule, **the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion**. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.

(Emphasis added).

Although the trial court concluded that the defendant's timely-filed 3.801 motion was facially insufficient, it appears this was the defendant's first attempt to file a facially sufficient rule 3.801 motion. Thus, the trial court should not have denied the motion and entered a final judgment advising the defendant that he had the right to file an appeal within thirty days of its rendition. Instead, the trial court should have entered "a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion." Fla. R. Crim. P. 3.850(f)(2); <u>see also</u> <u>Spera v. State</u>, 971 So. 2d 754, 761-62 (Fla. 2007) (holding that, "When a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for

3

failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion," and limiting its ruling to motions deemed facially insufficient to support relief).

Reversed.