PER CURIAM.
Travis Nave appeals from the summary denial of his pro se motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which alleged an error in his jail credit calculation. Rule 3.800(a) was the proper vehicle for addressing jail credit issues when Nave filed his motion. Shortly before the trial court ruled on Nave’s motion, however, rule 3.801 was implemented.as the procedural vehicle for addressing all jail credit issues. While Nave now concedes that there was no error in the trial court’s finding that his 3.800(a) motion was legally insufficient pursuant to that rule, a simple affirmance would leave Nave with no opportunity to attempt to present a legally sufficient claim. This is because rule 3.800(a) is no longer in effect and the time deadline for Nave to file a rule 3.801 motion has now passed. Based on the unique posture of this case, and the fact that rule 3.801 expresses a clear intention that defendants be given at least one opportunity to amend a facially insufficient motion, we affirm without prejudice to Nave filing a facially sufficient rule 3.801 motion within 30 days of the issuance of this court’s mandate. See Vincent v. State, 149 So.3d 1151 (Fla. 4th DCA 2014). A motion filed within this time will not be deemed untimely or successive. Id.
AFFIRMED WITHOUT PREJUDICE.
SAWAYA, LAWSON and LAMBERT, JJ., concur.