PER CURIAM'.
Robin Adkins appeals the denial of her Florida Rule of Criminal Procedure 3.800(a) motion, wherein she sought additional credit for time served. The trial court treated the motion as a Florida Rule of Criminal Procedure 3.801 motion for correction of jail credit and denied relief. We reverse.
. Adkins was charged by information in Orange County with organized fraud $20,000 or more, conspiracy to commit identity theft, conspiracy to commit burglary of a conveyance, and thirty-nine counts of identity theft. She pleaded nolo contendere to all counts and was sentenced to concurrent terms in the Department of Corrections with credit for 498 days’ time served. She claims entitlement to an additional 120 days of jail credit.
Ruling on Adkins’ motion for additional jail credit, the trial court properly noted that, effective July 1, 2013, all motions requesting jail credit must be filed under Florida Rule of Criminal Procedure 3.801. The trial court found that Adkins’. motion was facially insufficient under Rule 3.801 because it did not include the required information.
The trial court is correct that Adkins’ motion was facially insufficient. However, Rule 3.801(e) incorporates the provisions of Florida Rule of Criminal Procedure 3.850(e), (f), (j), (k), and (n). Under Rule 3.850(f)(2), if the motion is timely filed but insufficient on its face, the court must enter a non-final, non-appealable order allowing the defendant sixty days to amend the motion. Because it treated the motion as a Rule 3.801 ’motion, the1 trial court erred by not allowing the defendant an opportunity to; amend the insufficient motion. See Nave v. State, 153 So.3d 985 (Fla. 5th DCA 2015).
*1104 The trial court also erred in applying the precedent pertaining to Rule 3.800(a) because Rule 3.801 superseded Rule 3.800(a) and has a different procedure for resolving jail credit claims. Under Rule 3.801, a defendant does not have to affirmatively allege that the court records demonstrate on their face an entitlement to relief, nor does a defendant have to attach any documentation to support his or her claim or allege where in the record the information can be located. Under Rule 3.801, if a defendant files a legally sufficient motion, the trial court should grant the additional credit or conduct an evidentiary hearing, unless the motion can be conclusively refuted either as a matter of law or by reliance upon the records in the case. If the summary denial is based on the records in the case, a copy of the portion of the files and records that conclusively proves that the defendant is not entitled to relief shall be attached to the final order. See Fla. R.Crim. P. 3.850(f)(5), (8); Fla. R.Crim. P. 3.801. Here, the documents attached to the trial court’s order do not conclusively establish that Adkins is not entitled to relief.
Thus, Adkins should be given the opportunity to amend. She will need to specifically allege whether there were any other criminal charges pending against her in Seminole and Osceola Counties during the time frame for which she is seeking additional credit, and if so, provide the location, case number, and resolution of those charges. She will also need to allege that she was arrested on the Orange County charges pursuant to the Orange County capias in either Seminole or Osceola County, and was held in those county jails based on that arrest, in addition to any other charges.
If Adkins is able to file a legally sufficient Rule 3.801 motion, at that point the trial court should consider the motion on the merits and either grant the credit, conduct an evidentiary hearing, or attach portions of the record that conclusively refute the claim. See Blanchfield v. State, 157 So.3d 483 (Fla. 5th DCA 2015).
REVERSED AND REMANDED.
ORFINGER, COHEN and WALLIS, JJ., concur.