EDWARDS, J.
Ryan Muscanell appeals the summary denial of his Florida Rule of Criminal Procedure 3.801 Motion to Correct Illegal Sentence for County Jail Credit. Because the records attached to the lower court’s order do 'not conclusively refute Appellant’s claim, we reverse and remand for further proceedings.
Appellant timely filed his motion, relying upon Florida Rules of Criminal Procedure 3.801 and 3.850, alleging that he was entitled to additional jail credit. He attached bond paperwork that stated his date of arrest on the relevant charges was June 7, 2013. The State points out that the arrest affidavit is dated June 26, 2013. Therefore, the State argues that the bond paperwork was incorrectly dated. The State asserts that the paperwork' should have listed June 27, 2013 as the first date of incarceration.
The postconviction court’s order notes and denies Appellant’s claim that he was arrested on June 7, 2013. The bond paperwork and the arrest affidavit, each containing a different arrest date, were attached to the order. Thé court’s order does not address or attempt to resolve the conflicting documents. Accordingly, the record attached to the lower court’s order does not conclusively refute Appellant’s allegations; therefore, summary denial was error. Adkins v. State, 183 So.3d 1102 (Fla. 5th DCA 2015). We reverse the summary denial and order the lower court to attach records which conclusively refute Appellant’s claim of entitlement to additional jail. If that cannot be accomplished, the lower court shall schedule an eviden-tiary hearing to resolve the discrepancy noted by Appellant.
REVERSED AND REMANDED.
SAWAYA and TORPY, JJ., concur.