IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PAUL D. SHERMAN,

       Appellant,

v.                                Case No.  5D15-3999

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed February 26, 2016

3.801 Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Paul D. Sherman, Madison, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

Paul D. Sherman appeals the summary denial of his Florida Rule of Criminal Procedure 3.801 motion for jail time credit.  Concluding that the records attached to the postconviction court's order fail to conclusively show that Sherman is entitled to no relief, we reverse and remand.

Sherman was arrested on July 28, 2013, in Osceola County for committing a burglary of a conveyance. The arresting officer noted in his charging affidavit that Sherman was on felony probation in Orange County and that the commission of the burglary also constituted a violation of Sherman's probation. On July 31, 2013, the court in Orange County issued a warrant for the violation of probation ("VOP"). Sometime thereafter, Sherman tendered a plea to the burglary charge in Osceola County and was sentenced in that case. On July 15, 2015, Sherman was transported to the Orange County Jail, where he was served with the VOP warrant. On August 13, 2015, Sherman tendered a plea to the VOP and was sentenced in Orange County to serve 58.2 months in prison. Sherman was awarded twenty-nine days of jail credit.

In his motion, Sherman claimed that he was entitled to jail credit from July 28, 2013, when he was first arrested in Osceola County, until August 13, 2015, when he was sentenced in Orange County. In summarily denying the motion, the postconviction court held that because Sherman was arrested on July 15, 2015, for violating his probation and was sentenced on August 13, 2015, twenty-nine days of jail credit was properly awarded.

Based upon our review of the record and the attachments to the order, we cannot conclusively determine whether Sherman is, or is not, entitled to relief. Initially, we disagree with Sherman that he is entitled to all jail credit from the date he was first arrested in Osceola County. The records attached to the order on appeal clearly show that Sherman's sentence in Orange County runs consecutive to his sentence from Osceola County. Accordingly, because his sentences are running consecutively and not concurrently, Sherman is not entitled to jail credit in both cases from the date of arrest. *See Ransone v. State*, 48 So. 3d 692, 694 (Fla. 2010) (holding that when a defendant is

arrested for multiple related offenses, "jail-time is credited toward all concurrent sentences, but when a defendant does not receive concurrent sentences, jail time may be credited toward only one sentence"). However, the record is not clear, and the order on appeal does not address whether Sherman had completed serving his sentence from Osceola County. If Sherman had fully served his sentence from Osceola County, yet remained in custody pending disposition of his Orange County case, then from that point forward, Sherman would be entitled to jail credit until he was sentenced in Orange County on August 13, 2015. When "a factual dispute exists, and the files and records do not conclusively show [the movant] is entitled to no relief, an evidentiary hearing is generally required." *Louis v. State*, 143 So. 3d 452, 453 (Fla. 5th DCA 2014). Accordingly, we reverse the order of the postconviction court and remand for an evidentiary hearing or attachment of additional portions of the record conclusively refuting Sherman's claim for jail credit in excess of twenty-nine days.

REVERSED and REMANDED, with instructions.

TORPY and EVANDER, JJ., concur.