IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL MAYS,

      Appellant,

 v.                                    Case No.  5D16-2126

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 14, 2016

3.801 Appeal from the Circuit
Court for Putnam County,
Clyde E. Wolfe, Judge.

Michael Mays, Lake City, pro se.

No Appearance for Appellee.

PER CURIAM.

      Michael Mays appeals the summary denial of his motion for correction of jail credit.

See Fla. R. Crim. P. 3.801.  Because the trial court failed to attach portions of the record

conclusively refuting Mays' claim, we would normally reverse and remand for attachment

of those records or for an evidentiary hearing.  See Adkins v. State, 183 So. 3d 1102,

1104 (Fla. 5th DCA 2015) ("Under Rule 3.801, if a defendant files a legally sufficient

motion, the trial court should grant the additional credit or conduct an evidentiary hearing,

unless the motion can be conclusively refuted either as a matter of law or by reliance

upon the records in the case. If the summary denial is based on the records in the case, a copy of the portion of the files and records that conclusively proves that the defendant is not entitled to relief shall be attached to the final order."). However, because Mays' motion is facially insufficient for failing to contain an oath as required by Florida Rule of Criminal Procedure 3.801(c), we reverse and remand with instructions that the trial court enter a nonfinal, nonappealable order dismissing the motion and allowing Mays 60 days to amend. See Fla. R. Crim. P. 3.850(f)(2); see also Belanger v. State, 146 So. 3d 136, 137-38 (Fla. 3d DCA 2014) (addressing the procedure that should be followed by trial courts when a defendant files a timely but facially insufficient rule 3.801 motion disputing the amount of jail credit awarded).

REVERSED and REMANDED.

PALMER, BERGER and WALLIS, JJ., concur.