# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2014
Lower Tribunal Nos. 09-28591, 09-30776, 10-19256, 11-19141, & 14-2869 A

_____

**Anthony Davis,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Anthony Davis, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and SCALES, JJ.

ON MOTION FOR REHEARING

SUAREZ, C.J.

Anthony Davis seeks rehearing of this Court's December 14, 2016 per curiam affirmance of the trial court's July 29, 2016 order denying his motion for jail credit. We grant rehearing, withdraw our prior opinion, and reverse.

Davis filed a motion for credit for time served on prior sentences to be credited toward sentencing on a new offense. The trial court denied the motion, finding that a defendant "is only entitled to credit against each sentence for time spent in jail for the charge which led to that sentence." The trial court's order did not attach any documentation in support. This case involves five separate trial court case numbers[1], filed in four different years, presumably with offenses having distinctive arrest dates, with different dates for original periods of incarceration in jail leading up to the ultimate sentence. Merely stating in the written order that a defendant is only entitled to credit for time spent in jail for each charge does not establish how the calculations were made and what the relevant dates are for each of the different cases. The State, in its Response to our order to show cause, indicates that some of the earlier cases had involved probation and probation revocations, such that all five cases were sentenced together in 2015 as a result of a plea agreement. The State notes that this, in turn, raises the question of whether time spent in jail on any of the individual cases prior to February 6, 2014, was waived as part of a plea agreement. Absent the following documentation, the above-noted questions cannot be evaluated: 1) the original sentencing documents on each of the five cases; 2) the current sentencing documents on each of the five cases; 3) a transcript of the most recent sentencing proceeding to ascertain whether

---

[1] Davis' motion for rule 3.801 relief was filed under five separate trial court case numbers: F09-28591, F09-30776, F10-19256; F11-19141, and F14-2869A.

there was a waiver of prior credits for time served; 4) any written waiver of prior credits for time served; 5) forms prepared by the county jail reflecting dates of incarceration on each of the five cases prior to the most recent sentencing; 6) documentation reflecting accurate arrest dates on each of the five cases.

On appeal from a summary denial, this Court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(A) and (D). Because the trial court failed to attach any documents refuting Davis's claims, and the record does not conclusively show whether Davis waived any credit for time served, we reverse the order on appeal and remand for further proceedings or to attach those portions of the record that conclusively refute Davis's claims. See Roche v. State, 967 So. 2d 340 (Fla. 3d DCA 2007) ("Because we cannot determine from the lower court's order or record attachments whether the defendant waived his credit for time served, we reverse and remand for an evidentiary hearing or other appropriate relief."); Lundy v. State, 912 So. 2d 671 (Fla. 3d DCA 2005); Barfield v. State, 900 So. 2d 723 (Fla. 3d DCA 2005); Cozza v. State, 756 So. 2d 272 (Fla. 3d DCA 2000); see also Louis v. State, 143 So. 3d 452, 453 (Fla. 5th DCA 2014) ("When a factual dispute exists, and the files and records do not conclusively show appellant is entitled to no relief, an evidentiary hearing is generally required.").

Rehearing granted; reversed and remanded for further proceedings.