# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-332
Lower Tribunal No. 15-15388

_____


**Victor M. Barrios,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.


Victor M. Barrios, in proper person.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.


Before LAGOA, EMAS and SCALES, JJ.

PER CURIAM.

Victor Barrios, the defendant below, appeals an order summarily denying his motion for correction of jail sentence pursuant to Florida Rule of Criminal Procedure 3.801.

On this appeal, the parties are in agreement that Barrios's rule 3.801 motion was legally insufficient for failure to contain the contents required under subsection (c) of the rule, but that the trial court erred in denying his motion without first giving Barrios an opportunity to amend his timely, but facially insufficient motion. See Fla. R. Crim. P. 3.801(e) (incorporating Florida Rule of Criminal Procedure 3.850(f)(2), which provides that where a timely, but facially insufficient motion is filed, "the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion"); Belanger v. State, 146 So. 3d 136, 137 (Fla. 3d DCA 2014) ("Based on our review of the defendant's motion, we agree with the trial court that the defendant's motion fails to include all of the information required by rule 3.801(c). However, because this was the defendant's first attempt to file such a motion, the trial court erred by denying the defendant's motion without giving the defendant leave to amend his motion.") (footnote omitted).

Upon the State's proper confession of error, and our own review of the scant record before us, we reverse the order under review to allow Barrios to file a

facially sufficient rule 3.801 motion within sixty days of the issuance of this Court's mandate.  See Belanger, 146 So. 3d at 137.

      Reversed.