NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MIGUEL AYALA,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D17-1174
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀)
_____)

Opinion filed December 6, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Thomas W. Krug, Judge.

Miguel Ayala, pro se.

MORRIS, Judge.

⠀⠀⠀⠀⠀Miguel Ayala appeals an order denying his motion for correction of jail credit, which he filed under Florida Rule of Criminal Procedure 3.801. Because the record attachments to the postconviction court's order do not conclusively refute Mr. Ayala's claim, we reverse and remand for further proceedings.

⠀⠀⠀⠀⠀Mr. Ayala was convicted of felony petit theft and criminal mischief in case number 2016-CF-1843 following a no contest plea. The trial court sentenced him to four years' imprisonment for felony petit theft and time served for criminal mischief. The

sentences for each count were to run concurrently with each other and with Mr. Ayala's sentence in case number 2015-CF-6495. Even though the trial court sentenced Mr. Ayala to time served for the criminal mischief offense, it did not award him any jail credit for either offense in case number 2016-CF-1843.

Mr. Ayala thereafter filed a timely motion for jail credit, alleging that he was entitled to 247 days' credit on the felony petit theft sentence based upon his incarceration at the Sarasota County Jail from October 13, 2015, to July 7, 2016, for that offense. Without ordering a response from the State, the postconviction court summarily denied the motion. Quoting Keene v. State, 500 So. 2d 592, 594 (Fla. 2d DCA 1986), the court stated that Mr. Ayala "is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence." The court found that the record "shows the Defendant was never arrested or otherwise taken into custody for the offenses charged in *this* case." Instead, he "was apparently in custody in relation to the charges in Case No. 2015-CF-6495." Thus the court concluded that the award of zero jail credit in case number 2016-CF-1843 was correct.

The record attachments to the postconviction court's order do not establish when Mr. Ayala was taken into custody or that he was never arrested or in custody for his offenses in case number 2016-CF-1843. There are no warrants, arrest records, booking records, or summonses in the record. "Merely stating in the written order that a defendant is only entitled to credit for time spent in jail for each charge does not establish how the calculations were made and what the relevant dates are for each of the different cases." Davis v. State, 219 So. 3d 201, 202 (Fla. 3d DCA 2017).

> Under Rule 3.801, if a defendant files a legally sufficient
> motion, the trial court should grant the additional credit or

> conduct an evidentiary hearing, unless the motion can be conclusively refuted either as a matter of law or by reliance upon the records in the case. If the summary denial is based on the records in the case, a copy of the portion of the files and records that conclusively proves that the defendant is not entitled to relief shall be attached to the final order.

Adkins v. State, 183 So. 3d 1102, 1104 (Fla. 5th DCA 2015) (first citing Fla. R. Crim. P. 3.850(f)(5), (8); and then citing Fla. R. Crim. P. 3.801).

Because the record attachments to the postconviction court's order do not conclusively refute Mr. Ayala's claim, we reverse the order denying his motion for jail credit and remand for further proceedings. See Gibbs v. State, 175 So. 3d 915, 918 (Fla. 2d DCA 2015). We note that even if the court correctly found that Mr. Ayala was not officially arrested for the offenses in case number 2016-CF-1843, it appears that he is entitled to some jail credit for his offenses in that case. At a minimum, he would be entitled to credit for time that he was in custody after he was arraigned for those offenses. See Wade v. State, 125 So. 3d 1002, 1003-04 (Fla. 2d DCA 2013) (holding that when a summons was served on a defendant in a criminal case and he was arraigned on those charges while in custody for other offenses, the defendant was entitled to jail credit for the time he spent in custody on his new offense prior to sentencing).

Accordingly, we reverse the order denying Mr. Ayala's motion for jail credit and remand for further proceedings. If the court again summarily denies the motion, it must attach copies of the records that conclusively show that he is not entitled to relief.

Reversed and remanded.


BLACK and LUCAS, JJ., Concur.