DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO LOPEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-725

[June 13, 2018]

Appeal of order denying rule 3.801 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey D. Cohen, Judge; L.T. Case No. 04-19499 CF10A.

Antonio Lopez, Raiford, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant, after being sentenced for a violation of probation, appeals from the circuit court's order granting in part and denying in part his Florida Rule of Criminal Procedure 3.801 motion for correction of jail credit. The defendant's motion alleged he was given credit for 1,189 days, and should have been awarded 1,624 days. The circuit court's order, without explanation or record attachments, granted the defendant an additional 68 days of credit, but not the additional 435 days which the defendant requested.

In response to this court's order to show cause, the state agrees that the defendant's motion was facially insufficient. Thus, the circuit court, instead of addressing the merits of the defendant's motion, should have stricken the motion as facially insufficient and given the defendant leave to amend within sixty days. We reverse and remand for that purpose.

Florida Rule of Criminal Procedure 3.801(c) provides that a motion for correction of jail credit shall be under oath and include:

(1) a brief statement of the facts relied on in support of the motion;

(2) the dates, location of incarceration, and total time for credit already provided;

(3) the dates, location of incarceration, and total time for credit the defendant contends was not properly awarded;

(4) whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number, and resolution of the charges; and

(5) whether the defendant waived any county jail credit at the time of the sentencing, and if so, the number of days waived.

The defendant's motion does not state all of the dates and location of incarceration, whether any other criminal charges were pending at the time of these incarceration periods, and if so, the location, case number and resolution of the charges. More importantly, the defendant's motion refers to various "V.O.P. holds" without explanation of whether he was served with the VOP warrant for this case while incarcerated in another county. The defendant would not be entitled to jail credit for this case while incarcerated in another county if there was merely a "V.O.P. hold," i.e., a detainer, for this case without being served with the VOP warrant for this case. *See Gethers v. State*, 838 So. 2d 504, 505 (Fla. 2003) ("[A]bsent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.").

Based on the foregoing, we reverse the circuit court's order granting in part and denying in part the defendant's rule 3.801 motion for additional jail credit. We remand for the circuit court to instead enter an order striking the motion as facially insufficient, and granting the defendant sixty days to file a facially sufficient motion providing the information specified in rule 3.801(c) and this opinion. *See* Fla. R. Crim. P. 3.801(e) (applying rule 3.850(f) to proceedings under rule 3.801); Fla. R. Crim. P. 3.850(f)(2) ("If [a] motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); *Cadet v. State*, 239 So. 3d 113, 115 (Fla. 3d DCA 2018) (where the defendant's motion for jail credit failed to allege whether or when a probation violation arrest warrant was executed on him, the circuit court should not have denied the defendant's motion on its merits, but instead should have entered a

2

nonfinal, nonappealable order allowing the defendant sixty days to amend the motion to state a legally sufficient claim).

*Reversed and remanded for proceedings consistent with this opinion.*

WARNER and DAMOORGIAN, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***