IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WENDI MICHELLE SHEPMAN,

     Appellant,

v.                                 Case No.  5D18-1546

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed July 6, 2018

3.801 Appeal from the Circuit
Court for Sumter County,
Paul L. Militello, Judge.

Wendi Michelle Shepman, Quincy, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah A. Chance, Assistant Attorney General, Daytona Beach, for Appellee.

PER CURIAM.

Wendi Michelle Shepman[1] appeals the summary denial of her Florida Rule of Criminal Procedure 3.801 motion for jail credit.  Because the postconviction court did not

---

[1] There appears to be a discrepancy in the spelling of the appellant's last name. In the motion filed below and the Department of Corrections website, it is spelled "Schepman."  However, in her initial brief, the last name is spelled "Shepman."

comply with the procedural requirements for resolving jail credit claims under this rule, we reverse and remand for further proceedings.

Shepman argues on appeal that the court failed to award her jail credit for the period of time from August 13 to August 18, 2016. In summarily denying this motion, the court, without attaching any court records to its order, held that Shepman had failed to show an entitlement to jail credit for this time period because she had not provided evidence that she was in jail. This was error.

In *Adkins v. State*, 183 So. 3d 1102, 1104 (Fla. 5th DCA 2015), we explained that:

> Under Rule 3.801, a defendant does not have to affirmatively allege that the court records demonstrate on their face an entitlement to relief, nor does a defendant have to attach any documentation to support his or her claim or allege where in the record the information can be located. Under Rule 3.801, if a defendant files a legally sufficient motion, the trial court should grant the additional credit or conduct an evidentiary hearing, unless the motion can be conclusively refuted either as a matter of law or by reliance upon the records in the case. If the summary denial is based on the records in the case, a copy of the portion of the files and records that conclusively proves that the defendant is not entitled to relief shall be attached to the final order. *See* Fla. R. Crim. P. 3.850 (f)(5),(8); Fla. R. Crim. P. 3.801.

Here, Shepman filed a legally sufficient motion that was not conclusively refuted either as a matter of law or by court records attached to the denial order. Accordingly, we reverse and remand with directions that the postconviction court either grant Shepman the six days of jail credit, conduct an evidentiary hearing, or attach portions of the records that conclusively refute her claim. *See id.* (citing *Blanchfield v. State*, 157 So. 3d 483, 483 (Fla. 5th DCA 2015)). Additionally, because Shepman's release from prison on this case appears imminent, upon issuance of our mandate, the postconviction court should expedite its ruling on the motion so the matter does not become moot. *See Banks v.*

*State*, 211 So. 3d 1104, 1106 (Fla. 5th DCA 2017) (citing *Maybin v. State*, 884 So. 2d 1174, 1175 (Fla. 2d DCA 2004) (holding that when a defendant has already completed serving his sentence, any questions regarding the legality of the sentence are rendered moot)).

REVERSED and REMANDED with directions.


COHEN, C.J., WALLIS and LAMBERT, JJ., concur.