# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0557
Lower Tribunal Nos. F20-1167, F20-6796

_____

**Leonardo Perez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Leonardo Perez, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before SCALES, MILLER and GORDO, JJ.

GORDO, J.

Leonardo Perez ("Appellant") challenges the trial court's summary denial of his motion to correct jail credit filed pursuant to Florida Rule of Criminal Procedure 3.801, referencing his two criminal cases. We have jurisdiction. Fla. R. App. P. 9.141(b)(2). For the reasons that follow, we reverse.

The trial court found the Appellant's motion insufficient to support the requested relief and summarily denied it. We agree the motion was legally insufficient because it lacked the necessary information required by rule 3.801[1] and did not distinguish between the Appellant's two criminal cases. That said, the trial court's order failed to identify those portions of the motion that it concluded were insufficient, and the record on appeal is unenlightening.

Because the Appellant's motion was facially insufficient, the trial court should have stricken it and given the Appellant leave to amend the motion within sixty (60) days. See Fla. R. Crim. P. 3.801(e) (incorporating rule 3.850(f)(2), which provides that "[i]f the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion");

_____

[1] Rule 3.801(c)(1)-(5) enumerates the information to be set forth in the motion.

*Barrios v. State*, 225 So. 3d 973 (Fla. 3d DCA 2017) (holding the trial court erred by summarily denying a facially insufficient rule 3.801 motion without first giving the defendant an opportunity to amend); *Lundy v. State*, 257 So. 3d 566 (Fla. 4th DCA 2018); *Lopez v. State*, 248 So. 3d 1204, 1205 (Fla. 4th DCA 2018). Accordingly, the trial court is directed to enter an order striking the motion as facially insufficient and granting the Appellant sixty (60) days to amend to provide the information specified in rule 3.801(c), if he can do so in good faith. If the Appellant timely files a sufficiently pleaded amended motion meeting the requirements of rule 3.801, the trial court must thereafter either attach records to its denial order that conclusively show that the Appellant is not entitled to any additional jail credit, or if the claim cannot be so refuted by the records, hold an evidentiary hearing. See *Davis v. State*, 219 So. 3d 201 (Fla. 3d DCA 2017).

Reversed and remanded for proceedings consistent with this opinion.